**Ottis Mayo JONES, Plaintiff,**

v.

**The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, The Federal Deposit Insurance Corporation, Defendants.**

**Civ. A. No. 66–159.**

United States District Court
D. South Carolina,
Columbia Division.

Jan. 11, 1967.

Daniel C. Wallace, Columbia, S. C., for plaintiff.

David W. Robinson, II, Columbia, S. C., for defendant Citizens & Southern Nat. Bank of South Carolina.

HEMPHILL, District Judge.

This matter came before me on motion of the defendant, Federal Deposit Insurance Corporation, to dismiss the complaint on the grounds that the complaint fails to state a claim under which relief can be granted. The matter was first heard before me on November 30, 1966. The plaintiff was represented by Daniel C. Wallace. The defendant, Federal Deposit Insurance Corporation, was represented by Robert P. Wilkins, of the firm of McLain, Sherrill and Wilkins, and the defendant, The Citizens and Southern National Bank of South Carolina, was represented by David W. Robinson, II, of the firm of Robinson, McFadden and Moore.

On March 1, 1966, plaintiff, signing his pleadings *pro se,* caused to be filed in the Columbia Division of the United States District Court for the (then) Eastern District of South Carolina his "Petition for Declaratory Judgment and a Bill of Complaint," evidently attempting to claim damages against defendants for denial or deprivation of his constitutional rights.[1] He recites the fact that he is (then) in federal prison, states that he sues under the provisions of 42 U.S.C.A. section 1983.[2] He also complains that the acts of defendants deprived his "right to counsel in federal court where judgment on questions of fact and law were pending." Defendants answered and thereafter on May 11, 1966

defendant Bank filed Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. On May 20, 1966 defendant Federal Deposit Insurance Corporation filed the motion now before the court. Attached to the motion of defendant Federal Deposit Insurance Corporation was an affidavit of May 19, 1966, by Henry H. Dorn, Assistant Cashier of defendant Bank to the effect that the Bank was a "going concern, able to meet the demands of its depositors and is not closed for insolvency." Nothing in the record before this court refutes the truth of the Dorn affidavit, then or now.

On May 31, 1966, plaintiff filed his "Motion to Strike Defendant's 'Notice of Motion' ", one of the grounds being plaintiff had insufficient time "to answer" the motion of F.D.I.C. The hearing was not had until November and meanwhile the court took precautions to assure protection of plaintiff's "rights" in this forum. On May 31, 1966, plaintiff demanded a jury trial,[3] not within the time allowed by the rules, but the court considers this along with all other matters now of record before it.

Thereafter plaintiff served on defendants certain interrogatories. Defendant Bank answered, defendant F.D.I.C. objected in view of its motion previously noted.

On August 10, 1966, plaintiff filed a "Motion to Make Personal Appearance," which was, by the Clerk thereof, called to the attention of the writer of this order. The court wrote a letter to the Clerk, to be made part of the official file in the cause, directed a copy be sent to Jones, which was done, postponing a

---

1. Paragraph (2) of the complaint alleges, *inter alia* "Plaintiff has been deprived of the following rights, privileges and immunities as guaranteed by the United States Constitution."

2. 42 U.S.C.A. § 1983 provides: Civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. Rule 38, Fed.R.Civ.P.

hearing previously set, and which read in part as follows:

This court has neither authority nor responsibility to transport Mr. Jones from Atlanta, Georgia, to Columbia, S. C., in order that he may make personal appearance. Unfortunate as his incarceration may be, the same is not because of anything done or alleged to be done by defendants insofar as the record before the court reveals. In order to give him every advantage this court will postpone the hearing of August 23, 1966 and ask that you reset the matter at a later date. You are directed to send a copy of this letter to Mr. Jones, at his given address, Box PMB 87451, Atlanta, Georgia, which this court must assume is the United States Penitentiary, Atlanta, Georgia. Within twenty days from the date of this letter this court expects Mr. Jones to file anything he has to say in writing, or preferably, to file through an attorney. He has been previously given the right to proceed in forma pauperis and that right is reserved to him. For his information, there exists in Columbia, South Carolina, a legal aid society, and I suggest that he write to Mr. Daniel Wallace, Director, Legal Aid Society (which is under the auspices of the United Fund) 1845 Assembly Street, Columbia, South Carolina. I would hope that he would do this and have counsel although this court will accept anything he has in the nature of a brief, writing, expression, or even a letter of explanation, with the direction that it be directed to you as Clerk and that copies be furnished to opposing counsel. This court is anxious to help Mr. Jones have his day in court, his position(s) fully explored before, and considered in, this forum. The court will not allow this civil action to be used as a vehicle for other or collateral purposes.

This letter should be a part of the official file in this case and you are directed not only to send a copy to Mr. Jones, but that the record reflect the date you send a copy to Mr. Jones, and a copy of your letter of transmittal shall be sent to counsel for each defendant.

Various correspondence reflects the attempt and final realization of counsel in the person of Mr. Daniel Wallace, who appeared before me this day, after notice, on behalf of plaintiff.

█ The Federal Deposit Insurance Corporation was created by Congress and is governed by Sections 1811–1831 of Title 12 U.S.C. Section 1821(f)[4] provides that payment of insured deposits shall be made "[w]henever an insured bank shall have been closed on account of inability to meet the demands of its depositors." It appears to the court that The Citizens and Southern National Bank of South Carolina is not closed and, therefore, the defendant's motion for an order of dismissal on the ground that the defendant has no personal liability under the statute is meritorious and should be granted.

█ If plaintiff intends to charge F.D.I.C. under the provisions of 42 U.S.C.A. section 1983, supra, he must allege, or there must appear that said defendant acted under color of state law.

4. 12 U.S.C. § 1821(f) provides: Payment of insured deposits. Whenever an insured bank shall have been closed on account of inability to meet the demands of its depositors, payment of the insured deposits in such bank shall be made by the Corporation as soon as possible, subject to the provisions of subsection (g) of this section either (1) by cash or (2) by making available to each depositor a transferred deposit in a new bank in the same community or in another insured bank in an amount equal to the insured deposit of such depositor: *Provided,* That the corporation, in its discretion, may require proof of claims to be filed before paying the insured deposits, and that in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit, it may require the final determination of a court of competent jurisdiction before paying such claim.

Such is neither alleged, nor revealed by the file in this case, and the action as to F.D.I.C. should be further dismissed because an action under color of state law is required before civil liability can be imposed under Chapter 21 of Title 42, which includes section 1983. "Action under color of state law" is the misuse of state power possessed by virtue of state law and made posssible only because the wrongdoer is clothed with authority of state law. Fullerton v. Monongahela Connecting R. Co., 242 F.Supp. 622 (D.C.Pa.1965). Mosher v. Beirne, 237 F.Supp. 684 (D.C.Mo.1964).[5] There is nothing in this record, and no foreseeable potential arising therefrom, which could give use to such an action against F.D.I.C., whose sole power and authority is by virtue of federal legislation. Defendant F.D.I.C. is therefore entitled to a dismissal of the cause against it because the complaint states no cause of action under the civil rights statute relied upon by plaintiff.

In considering the motion of defendant F.D.I.C., this court has taken into consideration the requests of plaintiff to be present. The court is convinced, after examination of the record, that nothing the plaintiff could do or say could or would repair the obvious defect in his pleading. His lack of presence neither adds to nor detracts from the proceedings. It was unnecessary.

The court has also considered the interrogatories propounded by plaintiff. If each were answered (and defendant F.D.I.C. objections were timely) no answer thereto could, in the light of the cause of action attempted, and the statutes applicable thereto, affect this cause.

The court has acted throughout this matter slowly and with an abundance of caution in order that plaintiff's rights might be protected. The court has no right to appoint counsel, but the issue is moot, since counsel appeared. The fact that plaintiff initiated the action "pro se" and subsequent portions of the file reveal some access to counsel, or some erudition in the matter, did not deter the court from taking precaution to advise him of the Legal Aid Society, to which he repaired.

As to defendant F.D.I.C., the complaint is dismissed.

And it is so ordered.

---

5. See Giles v. Harris, 189 U.S. 475, 23 S.Ct. 639, 47 L.Ed. 909, for application of the statute to a state constitution.