Bernard W. CROCKETT

v.

**CITIZENS AND SOUTHERN FINAN-CIAL CORPORATION and Federal Deposit Insurance Corporation.**

Civ. A. No. 16667.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 28, 1972.

Bernard W. Crockett, pro se.

Alston, Miller & Gaines, Atlanta, Ga., for C & S Financial Corp.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for FDIC, and Myers N. Fisher, counsel, FDIC, Washington, D. C., also for FDIC.

## ORDER

EDENFIELD, District Judge.

Plaintiff alleges in his pro se action that defendant Citizens and Southern Financial Corporation (hereinafter "Citizens & Southern") wrongfully converted his automobile when it refused to accept a tendered installment payment and retained possession of the car. Plaintiff alleges that defendant Federal Deposit Insurance Corporation (hereinafter "FDIC") is liable for actual and punitive damages occasioned by the "hold" placed on plaintiff's checking account by the Citizens and Southern National Bank, which action was tantamount to allowing defendant Citizens & Southern to embezzle plaintiff's funds.

The case is before the court on defendants' respective motions to dismiss and plaintiff's motion to add defendants.

■ Plaintiff's action against the FDIC must be dismissed for failure to state a claim upon which relief can be granted. Under 12 U.S.C.A. § 1821(f) no claim for payment of insured deposits may be made unless the bank in question has been closed for insolvency.

Jones v. Citizens & Southern National Bank of South Carolina, 262 F.Supp. 506 (D.C.S.C.1967). Defendant FDIC has submitted the affidavit of Mr. Gordon B. Trulock, Assistant to the President of the Citizens and Southern National Bank, which attests that the bank is not insolvent but is a going concern, fully capable and ready to meet the demands of its depositors. The court takes judicial notice that the bank's doors are open and finds that it is solvent.

■ If plaintiff's complaint is construed as alleging an action in tort for which the FDIC is alleged to be liable, the complaint must still be dismissed as the Federal Tort Claims Act specifically disallows any action in tort against a federal agency. See Freeling v. F.D.I.C., 221 F.Supp. 955 (W.D.Okla.1962), aff'd. 326 F.2d 971 (10th Cir. 1963). The proper action for redress of the tortious conduct of federal employees acting in their official capacity is a suit against the United States pursuant to 28 U.S. C.A. § 1346(b). It should be noted, however, that under 28 U.S.C.A. § 2674 the United States is not liable for punitive damages.

■ Plaintiff's action against Citizens & Southern must be dismissed for want of jurisdiction. Diversity of citizenship does not exist between plaintiff and defendant and the complaint states no cause of action that arises under the Constitution, laws, or treaties of the United States. In view of our disposition of plaintiff's claim against the FDIC, eliminating an asserted federal question, there can be no finding of pendent jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). While it appears that plaintiff has a cause of action cognizable in state court, it may not be brought here.

Therefore, the motions to dismiss of defendants FDIC and Citizens & Southern are granted, and in light of this action taken, plaintiff's motion to add defendants is denied.