**Benjamin EHRLICH, Plaintiff,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORP. and Beverly Bank, Defendants.**

**No. 73 C 58.**

United States District Court, N. D. Illinois, E. D.

April 13, 1973.

Benjamin Ehrlich, pro se.

Charles M. Shea, Benjamin P. Shapiro, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motions to dismiss the complaint. This

action is based on the alleged deprivation of the plaintiff's civil rights under the Civil Rights Act of 1861, 1866 and 1871 and the 5th, 7th and 14th Amendments to the U. S. Constitution, and liability under the Federal Deposit Insurance Act, 12 U.S.C. § 1811 et seq. Jurisdiction is alleged to be based on 28 U.S.C. §§ 1331 and 1343; and 42 U.S.C. §§ 1982, 1983, 1985. The amount in controversy is alleged to exceed $10,000 exclusive of interest and costs.

The plaintiff is Benjamin Ehrlich who is a resident of Chicago, Illinois, and a customer of Beverly Bank of Chicago. The defendants are Federal Deposit Insurance Corp. (FDIC) and Beverly Bank of Chicago (Beverly).

The plaintiff in his complaint alleges the following facts:

1. The plaintiff has a savings account in Beverly Bank of Chicago. Since May 5, 1971 the plaintiff has deposited the sum of $125.00 each month; the balance as of January 1, 1973 is $1,012.64.
2. Beverly Bank has refused to pay out to the plaintiff funds from his personal savings account denying him his constitutional rights of due process and equal protection.
3. On March 6, 1972 the plaintiff completed the necessary arrangement to borrow the sum of $40,000.-00 from Beverly, giving two buildings in Trust No. 8–3293 as security for the loan.
4. Despite plaintiff's repeated demands, Beverly has refused to pay the funds from the loan to plaintiff's authorized agent, First National Bank of Oak Forest, Illinois.

Plaintiff brings this action to recover $20,000.00 from the FDIC under the Federal Deposit Insurance Act and to recover the amount deposited in Beverly Bank since May 5, 1972.

The defendant FDIC in support of its motion to dismiss contends that the FDIC has no authority or liability to pay the plaintiff because Beverly Bank has not closed and is not unable to meet the demands of its creditor. Thus, FDIC contends that the plaintiff has failed to state a claim upon which relief can be granted.

The defendant Beverly Bank in support of its motion to dismiss the complaint for lack of jurisdiction contends:

1. The Federal Deposit Insurance Act does not confer jurisdiction on this Court to hear the instant action.
2. The plaintiff's allegation that jurisdiction in the instant action is conferred by Title 28, U.S.C. 1343 and 1331; Title 42, U.S.C. 1982, 1983 and 1985 and the 5th, 7th and 14th Amendments of the United States Constitution is incorrect.

It is the opinion of this Court that the instant action should be dismissed for lack of jurisdiction and failure to state a cause of action upon which relief can be granted.

*I. This Court Does Not Have Jurisdiction Over The Instant Action Pursuant To The Federal Deposit Insurance Act.*

 The FDIC was created by Congress and is governed by Sections 1811–1831 of Title 12, U.S.C. Section 1821 * provides that payment of insured deposits shall be made "whenever an insured

---

* Title 12, U.S.C., Section 1821 provides:
 (f) Whenever an insured bank shall have been closed on account of inability to meet the demands of its depositors, payment of the insured deposits in such bank shall be made by the Corporation as soon as possible, subject to the provisions of subsection (g) of this section either (1) by cash or (2) by making available to each depositor a transferred deposit in a new bank in the same com-

munity or in another insured bank in an amount equal to the insured deposit of such depositor: *Provided,* That the Corporation, in its discretion, may require proof of claims to be filed before paying the insured deposits, and that in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit, it may require the final determination of a court of competent jurisdiction before paying such claim.

bank shall have been closed on account of inability to meet the demands of its depositors." It is uncontested and apparent to this Court that Beverly Bank of Chicago is not closed. Thus the defendant FDIC's motion to dismiss on the grounds that it has no personal liability under the statute is meritorious and should be granted. *See* Jones v. Citizens and Southern National Bank of S. C., 262 F.Supp. 506 (D.C.S.C.1967).

*II. The Plaintiff Has Failed to State A Cause of Action Upon Which Relief Can Be Granted Pursuant To Title 42, §§ 1982, 1983 and 1985.*

█ It is clear that in order to properly maintain an action under 42 U.S.C. § 1982 the plaintiff must plead that he has been deprived of the rights enjoyed by a white citizen. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1962). The plaintiff has failed to allege that any right of his was deprived because of his race, nor does it appear from the pleadings that the plaintiff could make such an allegation. It is crucial to a proper action under 42 U.S.C. §§ 1983 and 1985 that the defendant acted under the color of state law. If the plaintiff fails to make this essential allegation the complaint should be dismissed. Lefcourt v. Legal Aid Society, 445 F.2d 1150 (2nd Cir. 1971); Ehrlich v. Van Epps, 428 F.2d 363 (7th Cir. 1970); Mullarkey v. Borglum, 323 F.Supp. 1218 (D.C.N.Y.1970). The plaintiff in the instant action has failed to allege that either of the defendants were acting under the color of state law and thus has failed to state a cause of action against the defendants. Thus the

plaintiff's alleged cause of action pursuant to the Civil Rights Acts should be dismissed for failing to properly state a claim upon which relief can be granted.

*III. The Plaintiff's Complaint Does Not Properly Allege A Violation Of The 5th, 7th, and 14th Amendments To The United States Constitution.*

██ The plaintiff claims that the refusal of the defendant Beverly Bank to release the money the plaintiff deposited in the defendant bank violated the plaintiff's 5th, 7th and 14th Amendment rights. The defendant Beverly Bank has submitted an affidavit in support of its motion to dismiss which states that the only property of the plaintiff's which is in the possession of Beverly Bank as of the date of the filing of this motion is $559.30 in a joint savings account number 244294000 in the names of Benjamin and Lola Ehrlich. Another affidavit states that this savings account is under restraint by the defendant Beverly Bank pending the payment of fees disbursed by defendant Beverly Bank in connection with the proposed negotiation referred to by the plaintiff in his complaint. This is clearly not the type of taking or restraint of property, denial of due process, equal protection or constitutional right which should be entertained by the federal courts for the protection of the 5th, 7th and 14th Amendment rights.* * *See* Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

Accordingly, it is hereby ordered that the motions of the defendants to dismiss are granted.

** The protection offered by the 14th Amendment is only against the acts of states and does not apply to the acts of individuals. Virginia v. Rives 100 U.S. 313, 25 L.Ed. 667 (1880); Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65 (1906); Snowden v. Hughes, 132 F.2d 476 (7th Cir. 1943). The plaintiff has failed to state that the alleged denial of his constitutional right of due process and equal protection was based on any state action. The Seventh amendment claim is without merit. It is clear that the instant case fails to reveal any violation of the 5th Amendment rights. Yet this ruling should not be interpreted as a denial of any claim the plaintiff may have in state court for breach of the savings pass book agreement.