Gabriel I. PEÑAGARICANO, Plaintiff,

v.

Orlando LLENZA, et al., Defendants.

Civ. No. 80–1228(JP).

United States District Court,
D. Puerto Rico.

Sept. 7, 1983.

Julio Maymi Pagan, Santurce, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., San Juan, P.R., Deft. Carlos Romero Barceló, Kathleen K. Guillermety, Federal Litigation Division, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

### I. PROCEDURAL BACKGROUND

On April 24, 1980, plaintiff originally filed a complaint in the Superior Court of Puerto Rico, San Juan Part. Plaintiff requested injunctive relief, a mandamus and damages against the National Guard of Puerto Rico, the Hon. Carlos Romero Barceló, the Adjutant General of the National Guard, Orlando Llenza, and the members of the Selective Retention Advisory Board. Later, the complaint was amended on May 16, 1980, to include the names of Fred Brown, José A. Bloise and Francisco Rivera Cintrón, previously referred to as the unnamed Selective Retention Advisory Board members. The Hon. Carlos Romero Barceló was sued exclusively in his official capacity of Commander in Chief of the Puerto Rico National Guard. The remaining defendants were sued in both their official and personal capacities, even though this is not entirely clear from the complaint with regards to the Board members.

The central allegation of the complaint is that all defendants, acting in common agreement for the purpose of separating plaintiff from his position in the Puerto Rico National Guard on account of his political ideas, discriminatorily applied Air National Guard Regulation 36–06 which sets up the Advisory Board. Hence, it can reasonably be said that the conduct of the Board members which is pertinent to plaintiff's claim, is wholly within the ambit of their activities as members of the Advisory Board.

Colonel F. Brown, one of the three Board members, filed a removal petition on June 5, 1980. Removal was opposed and remand sought on June 18, 1980.

On January 29, 1982, this Court pursuant to an opinion emitted by the Hon. Carmen Cerezo, denied plaintiff's motion to remand because it was concluded that Colonel Brown and the other Board members were acting as federal officers within the scope of their federal duties when they recommended the non-retention of plaintiff as a federally recognized officer of the National Guard.

On December 1, 1980, defendant Hon. Carlos Romero Barceló filed a motion with this Court requesting that this action be dismissed as to him. Subsequently, this Court issued a partial judgment dismissing the instant action against the Hon. Carlos Romero Barceló and final judgment was entered on June 7, 1982.

All parties have filed motions for summary judgment or motions to dismiss, which have been duly opposed by the adverse parties. Plaintiff in his motion for summary judgment argues that a judgment should be entered in his favor because defendants separated him from his position as a federally recognized National Guard Officer and from his federal civilian job due to his political ideas and affiliations. The attorney for the National Guard of Puerto Rico and the Adjutant General, Orlando Llenza, in his official and personal capacity as a state employee has alleged that this action is barred because the Court does not have subject matter jurisdiction over the state defendants. Counsel for the federal defendants has also averred that this Court does not have subject matter jurisdiction over the federal defendants.

### II. CONCLUSIONS OF FACT

Pursuant to a pre-trial conference held on August 30, 1983, the parties agreed upon a series of stipulated facts. The essential and pertinent facts agreed upon are herein set forth. In 1976, plaintiff was promoted to the rank of full Colonel through orders of the State and request for federal recognition was sent to the Pentagon. However, around January 1977, the newly appointed Adjutant General of the Puerto Rico National Guard, Orlando Llenza, rescinded the

promotion order and withdrew the petition for "federal recognition". By March 1977, the Adjutant General had demoted plaintiff to Flight Safety Officer and ascended defendant Fred Brown to plaintiff's former position of Commander of the 156 Tactical Fighter Group. Plaintiff was demoted from his Civil Service classification from a GS–14 to a GS–13 in August of 1977 and Fred Brown was promoted to the only existing GS–14 position. Plaintiff appealed his civilian job change to the Civil Service System. An examiner recommended that plaintiff's change to a lower grade be set aside. However, the Adjutant General did not act on that recommendation. Furthermore, it was stipulated that following the procedure provided by the law in 1980, an Advisory Board of Selective Retention was appointed by the Adjutant General to carry out the purposes provided in ANGR 36–06, which are to recommend which officers are to be retained. A total of 19 officers, including plaintiff were considered by the Board for retention. The Board recommended the non-retention of plaintiff and one other officer. The Board members were Fred Brown, José A. Bloise and Francisco J. Rivera Cintrón, and each Board member took an oath that their duties would be discharged in accordance with the procedures established by the ANGR 36–06.

## III. CONCLUSIONS OF LAW

Against this background of allegations and stipulated facts, this Court must come to a decision. This Court deems it both proper and expedient to consider the jurisdictional questions raised by the defendants.

### A) *Action Against the National Guard and the Adjutant General*

■ We will first consider the jurisdictional questions raised by the attorney for the state National Guard of Puerto Rico,[1] and the Adjutant General of the National Guard Orlando Llenza, in his official and personal capacity as a state employee. In their motion filed on August 12, 1983, it is stated that the instant action is barred with respect to the Commonwealth of Puerto Rico, its alter ego, the National Guard of Puerto Rico and its agent (Adjutant General, Orlando Llenza) acting in his official capacity pursuant to the Eleventh Amendment of the United States Constitution.

Further, it is averred that this action is barred as to Orlando Llenza in his personal capacity because, after this Court denied his motion to remand, plaintiff failed to diligently amend his complaint in conformity with the Federal Rules of Civil Procedure. Plaintiff has not set forth in his complaint a federal statute which would give this Court jurisdiction over defendant Orlando Llenza and plaintiff has also failed to allege a federal statute in his complaint which would give plaintiff a cause of action against defendant in his personal capacity in a Federal Court.

It appears that both defendants and plaintiffs are in complete agreement as to the Eleventh Amendment bar regarding the Puerto Rico National Guard and Orlando Llenza as he acted solely in his official capacity. The position taken by plaintiff in an extensive memorandum of points and authorities in support of a motion to remand filed with this Court in the instant action of June 25, 1981, at page 2, is wholly in agreement with defendants. Plaintiff states in the memorandum that:

"Suits against officers and representatives of a state are the same as against the state and the thrust of the Eleventh Amendment cannot be avoided. *In Rey [Re] Ayers,* 123 U.S. 443 [8 S.Ct. 164, 31 L.Ed. 216] (1887), cited in *Litton Industries, Inc., et al. v. Rafael Hernández Colón, et al.,* 587 F.2d 70 (C.A. 1, 1978)"

We agree. Therefore, the action against the Puerto Rico National Guard and Adjutant General Orlando Llenza solely in his official capacity is hereby DISMISSED.

As to the action against Orlando Llenza in his individual capacity, it was contended that plaintiff failed to cite a federal statute

---

1. The Air National Guard of Puerto Rico is organized and created pursuant to Title 25, Section 2051, *et seq.,* of the Laws of Puerto Rico Annotated.

which gives this Court jurisdiction over the subject matter of this action against defendant and plaintiff did not cite a statute which raises a cause of action for relief against defendant.

As set forth in Article III of the United States Constitution, federal courts are tribunals of limited jurisdiction. They are empowered to hear only such cases as are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisdictional grant by Congress. Wright, Charles Alan, *Law of Federal Courts,* 2nd Ed., page 15. There exists a presumption that the federal court does not have jurisdiction. Therefore, a party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of such a court by citing the statute which provides it with jurisdiction. *Turner v. President, Directors and Co. of Bank of North America,* 1799, Dall. (4 U.S.) 8, 1 L.Ed. 718. "It is hornbook law that the jurisdiction of a District Court of the United States must appear affirmatively on the face of the pleading." *Patton v. Baltimore & O.R. Co.,* 197 F.2d 732, 743 (C.A. 3rd, 1952). This rule of law falls within the requirements found in Rule 8(a)(1) of the Federal Rules of Civil Procedure.

Even though plaintiff has had over a year to comply with the above rule of law, it was not until August 30, 1983 on the eve of trial that he made a halfhearted attempt to conform to said rule. On that date, he filed a motion to amend his complaint alleging a cause of action pursuant to 42 U.S.C. § 1983. However, plaintiff has wholly failed to allege the federal jurisdictional statute which must be set forth in a complaint together with Section 1983. Hence, plaintiff has not complied with the rule of law established in *Turner, supra,* and followed by the courts since. Therefore, the action against defendant Orlando Llenza in his individual capacity is hereby DISMISSED.

**B)** *Action Against the Three Members of the Advisory Board of Selective Retention*

The three remaining federal defendants, Fred Brown, José A. Bloise and Francisco Rivera Cintrón were members of the Advisory Board of Selective Retention. They have filed a motion requesting the dismissal of this action against them for a lack of jurisdiction for several reasons, to wit, federal co-defendants are not the proper parties, plaintiff has failed to exhaust intraservice remedies and plaintiff's claim is nonjusticiable. This Court emitted an opinion January 29, 1982, when it denied plaintiff motion to remand concluding that the above defendants were acting as federal officers within the scope of their federal duties when they recommended the acts complained of by plaintiff.

It is settled law that the proper action for redress of tortious conduct of federal employees acting in their official capacity is a suit against the United States pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq. Crochet v. Citizens and Southern Financial Corp.,* 349 F.Supp. 1104 (N.D.Ga. 1972). Indeed, Sec. 2679 Title 28 U.S.C., makes suit against the United States the exclusive remedy. *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174 (8th Cir.1978).

Accordingly, co-defendants Brown, Bloise and Rivera Cintrón, as employees of the United States, are not proper parties to this action. Where one or more federal employees are named as defendants and the acts complained of consisted of steps taken by them to carry out their duties as employees of the United States, as in the instant case, the suit in effect is one against the sovereign. *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1962) states:

> "The general rule is that a suit is against the sovereign if the judgment sought would expend itself upon the public treasury or domain or interfere with the public administration; or if the effect of the judgment would be "to restrain the government from acting, or compel it to act." (Citations omitted).

Since it is clear that recovery in the instant case would "expend itself upon the public treasury" within the meaning of the test set out in *Dugan, supra,* the United States is the real party in interest and should appear as a party defendant instead of co-defendants Brown, Bloise and Rivera Cintrón.

It is also noted that the recent Supreme Court decision in *Chappell, et al. v. Wallace, et al.,* —— U.S. ——, 103 S.Ct. 2362, 76 L.Ed.2d 586, would bar the instant action and make it non-justiciable regarding the federal co-defendants in this action. In *Chappell, supra,* the Court dealt with a suit filed by enlisted military personnel against a superior officer requesting damages for alleged constitutional violations. The Supreme Court found in essence that our defense system cannot be subject to destruction by suits brought against superior officers by insubordinates for alleged constitutional violations as this instant action. There the Court held that the special status of the military has required two systems of justice: one for civilians and one for military personnel. The Supreme Court decided that the need for unhesitating and decisive action by military officers and the equally disciplined response by military personnel would be undermined by a judicially created remedy for constitutional violations exposing officers to personal liability by those who are under their command.

Plaintiff has failed in the instant action to cite the required federal statutes in their complaint or to include the proper party to state a cognizable action. Further in the light of *Chappell v. Wallace, supra,* plaintiff's claim is clearly non-justiciable in the federal court. Hence this Court holds that the federal court has no jurisdiction over this suit against the federal co-defendants Fred Brown, José A. Bloise and Francisco Rivera Cintrón and, as to them, this action is DISMISSED.

For all the aforestated reasons, this action is DISMISSED.

The Clerk shall act accordingly.

IT IS SO ORDERED.