**Carla BLAKEMORE, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

**No. 85–1988.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1986.

Decided April 25, 1986.

---

J.R. Nash, Little Rock, Ark., for appellant.

Elizabeth J. Robben, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and WOLL-MAN, Circuit Judges, and HARPER,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

The issue before us is whether Carla Blakemore is a citizen of Arkansas for the purpose of invoking diversity jurisdiction under 28 U.S.C. § 1332 (1982) in her suit against Missouri Pacific Railroad Company (MoPac), a corporation formed under Delaware law with its principal place of business in Missouri. Blakemore filed a personal injury suit against MoPac in the Eastern District of Arkansas on November 25, 1981, took a voluntary nonsuit, and refiled the action in the same court on April 17, 1984. After both filings, MoPac moved for dismissal of the action for failure to establish diversity jurisdiction. After the second filing, the district court[1] granted MoPac's motion, finding that Blakemore was a Missouri citizen. On appeal, Blakemore makes numerous factual assertions to support her contention that she was an Arkansas citizen when she filed her suits, and therefore that diversity exists. We conclude that the district court did not err in dismissing her claim.[2]

On January 5, 1979, Blakemore was seriously injured in an accident at the MoPac diesel-fuel unloading terminal in North Little Rock, Arkansas. She brought suit against MoPac in Arkansas federal district court on November 25, 1981, invoking diversity jurisdiction. MoPac moved to dismiss the action for failure to establish di-versity because Blakemore was, like the corporation, a Missouri citizen. Blakemore took a voluntary non-suit, then refiled her case on April 17, 1984, relying on the Arkansas Saving Statute, Ark.Stat.Ann. § 37–222 (1962 & Supp.1985). MoPac again filed a motion to dismiss, and on July 15, 1984 the district court held a hearing to determine Blakemore's citizenship for diversity purposes.

The district court found that Blakemore was not an Arkansas citizen on the dates she initiated either of the two suits and that she had deliberately misrepresented in the record facts relevant to a determination of her state of citizenship. Focusing on Blakemore's status when she initiated the April 17, 1984 action, the district court found that Blakemore was married to Paul Carton, a Missouri citizen, even though they had parted and reconciled eleven or twelve times since their marriage. The court also found that they jointly owned a home in Missouri. The court noted Carton's sworn statement that Blakemore had moved from Missouri to Arkansas "to finish the case", *Deposition of Paul Carton at 13*, Designated Record at 99, and that he had loaned her more than $30,000 while she was in Arkansas. These facts, coupled with the deliberate misinformation · contained in the record, led the court to conclude that Blakemore's statements that she was an Arkansas citizen were self-serving and conclusory. The court found that Blakemore did not have a present intent to remain indefinitely in Arkansas and therefore had failed to establish citizenship for diversity purpose.[3]

---

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. Because we affirm the district court's judgment that Blakemore was a Missouri citizen for diversity purpose at the time she filed both suits, we need not reach the issue whether Blakemore was precluded from taking advantage of the Arkansas Saving Statute in initiating her second suit.

3. Blakemore argues that the district court's finding that she was not an Arkansas citizen violates her due process and equal protection rights because the court adhered to the concept that a woman's domicile must be the same as her legal husband's. The district court's opinion gives no indication that it relied on the maxim that a woman's domicile must be that of her husband. The court evaluated all Blakemore's Arkansas and Missouri contacts in concluding that she had not established an Arkansas domicile. This issue is, therefore, not supported by the record before us.

618

Diversity of citizenship is to be determined at the time the complaint is filed. *Janzen v. Goos,* 302 F.2d 421, 424 (8th Cir.1962). State citizenship, for diversity purpose, requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Holmes v. Sopuch,* 639 F.2d 431, 433 (8th Cir.1981). A corporation, on the other hand, is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(a)(3) (1982). Thus, diversity is lacking if an adverse party is a citizen of either of these states. *See Panalpina Welttransport GMBTT v. Geosource, Inc.,* 764 F.2d 352, 354 (5th Cir.1985); *Canton v. Angelina Casualty Company,* 279 F.2d 553 (5th Cir. 1960).

When jurisdictional allegations are challenged, the plaintiff bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Russell v. New Amsterdam Casualty Co.,* 325 F.2d 996, 998 (8th Cir.1964). A determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact. *Holmes,* 639 F.2d at 434; *Rogers v. Bates,* 431 F.2d 16, 18 (8th Cir.1970). The findings upon which the determination is made may not be set aside by an appellate court unless clearly erroneous. *Id.*

The record supports the court's conclusion that on April 17, 1984 Blakemore continued to be a citizen of the State of Missouri even though she had spent some time in Arkansas. To the extent that the district court's findings concerning Blakemore's residence involved credibility determinations, our review of such findings is limited by the clearly erroneous rule set forth in *Anderson v. City of Bessemer City,* ___ U.S. ___, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1984); *see also, Weber v. Block,* 784 F.2d 313, 316–17 (8th Cir.1986). The district court's findings that Blakemore was not an Arkansas citizen are not clearly erroneous. We therefore affirm the court's judgment that Blakemore failed to establish diversity jurisdiction.