Aaron E. WHITE and Clara
White, Plaintiffs,

v.

HALSTEAD INDUSTRIES,
INC., Defendant.

Civ. No. H-C-89-89.

United States District Court,
E.D. Arkansas, E.D.

Oct. 9, 1990.

B. Michael Easley, Forrest City, Ark., for plaintiffs.

Lucinda McDaniel, Jonesboro, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

This matter comes to the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiffs have responded to the motion. For the reasons discussed below, defendant's motion to dismiss will be granted.

## I. FACTS

Plaintiffs' lawsuit alleges slander, intentional infliction of emotional distress and other claims arising from plaintiffs' rental of a house owned by defendant. Plaintiffs are residents of Wynne, Arkansas. Defendant is a Pennsylvania corporation with its administrative headquarters in North Carolina and the majority of its product sales, employees and payroll in Arkansas. The action comes to the Court under 28 U.S.C. § 1332 diversity of citizenship. All claims are based on Arkansas law.

Defendant initially moved to dismiss based on lack of subject matter jurisdiction because plaintiffs claimed only $10,000 in damages and failed to sufficiently plead enough facts to establish diversity of citizenship. The Court denied both motions and permitted plaintiffs to amend their complaint. Defendant then renewed its motion to dismiss for lack of subject matter jurisdiction, contending there is no diversity because defendant corporation's principal place of business is Arkansas.

## II. THE RULE 12(h)(3) STANDARD

The general standard for motions to dismiss under Fed.R.Civ.P. 12(b) places a heavy burden on the movant. The complaint is to be construed in the light most favorable to plaintiff and the allegations therein are to be taken as true. *Scheuer v.*

*Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The standard is different, however, when the challenge is to the Court's subject matter jurisdiction. Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In *Blakemore v. Missouri Pacific R.R. Co.,* 789 F.2d 616 (8th Cir.1986), the Eighth Circuit Court of Appeals addressed this issue in the diversity jurisdiction context:

When jurisdictional allegations are challenged, the plaintiff bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. (citation omitted). A determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact. (citation omitted). The findings upon which the determination is made may not be set aside by an appellate court unless clearly erroneous. (citation omitted).

*Id.* at 618. *See Associated Petro. Producers, Inc. v. Treco 3 Rivers Energy Corp.,* 692 F.Supp. 1070, 1073–74 (E.D.Mo.1988) ("when a party to an action challenges federal jurisdictional allegations, they must be proved ... and the burden of proof falls on the party invoking federal jurisdiction" (citing *McNutt v. General Motors,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936))).

The Court also has discretion to determine how it will proceed on jurisdictional questions. The Court may consider materials outside the pleadings, such as depositions or affidavits, in determining whether the record demonstrates lack of subject matter jurisdiction. *Satz v. ITT Financial Corp.,* 619 F.2d 738, 742 (8th Cir.1980); *North Star Hotels Corp. v. Mid–City Hotel Associates,* 696 F.Supp. 1265, 1269 (D.Minn.1988).

## III. THE 'PRINCIPAL PLACE OF BUSINESS' TEST

The statute in question is 28 U.S.C. § 1332(c)(1), which provides in pertinent part that "a corporation shall be deemed to be a citizen of any State by which it has

been incorporated and of the State where it has its principal place of business...." A corporation can thus be a citizen of several states for diversity purposes. This statutory design is clearly intended to reduce the number of corporate defendants hailed into federal court on diversity of citizenship grounds. *See J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 404–05 (5th Cir. 1987); *Kelly v. United States Steel Corp.*, 284 F.2d 850 (3d Cir.1960); *North Star Hotels*, 696 F.Supp. at 1272; *LeNeave v. North American Life Assur. Co.*, 632 F.Supp. 1453, 1454 n. 1 (D.Minn.1986). *See also* S.Rep. No. 1830, 85th Cong., 2nd Sess. *reprinted in* 1958 U.S.Code Cong. & Admin.News 3099–3103.

■ The Circuit Courts of Appeals use three different tests to determine a corporation's principal place of business. The first test is the "nerve center" test. This test is often used when the corporation maintains manufacturing facilities, branch offices, etc., at a number of locations in different states. Under this test, "the locus of corporate decision-making authority and overall control constitutes a corporation's principal place of business for diversity purposes." *North Star Hotels*, 696 F.Supp. at 1269. The nerve center test has been used by several Circuit Courts of Appeals. *See Buethe v. Britt Airlines, Inc.*, 787 F.2d 1194, 1196 (7th Cir.1986); *Lugo–Vina v. Pueblo International, Inc.*, 574 F.2d 41, 43–44 (1st Cir.1978); *Atlanta Shipping Corp. v. Chemical Bank*, 631 F.Supp. 335 (S.D.N.Y.1986), *aff'd*, 818 F.2d 240 (2d Cir.1987).

■ The second test is referred to as the "corporate activities" or "operating assets" test. Greater weight is attached to the location of a corporation's production or service activities in determining the principal place of business under this test. *North Star Hotels*, 696 F.Supp. at 1270–71. For example, if a corporation's largest production plant, a plurality of its employees and its key operations officers are in one state, but its executive offices and "nerve center" are in another state, the former state would be the principal place of business. *See Kelly v. United States Steel*

*Corp.*, 284 F.2d 850, 854 (3d Cir.1960). Citing *Kelly*, the Western District of Arkansas used the corporate activities test to establish defendant's principal place of business in *Charles Keeshin, Inc. v. Farmers & Merchants Bank of Rogers*, 199 F.Supp. 478, 487–88 (W.D.Ark.1961).

■ The third test is known as the "total activity" test. This test is a hybrid of the "nerve center" and "corporate activities" tests and considers all the circumstances surrounding a corporation's business to discern its principal place of business. "The 'total activity' test provides a realistic, flexible and nonformalistic approach to determining a corporation's principal place of business through a balancing of all relevant factors." *J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 412 (5th Cir.1987). *See Vareka Investments N.V. v. American Investment Properties, Inc.*, 724 F.2d 907 (11th Cir.), *cert. denied*, 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984).

The Eighth Circuit Court of Appeals has not directly addressed the issue of which test provides the appropriate standard for determining a corporation's principal place of business under 28 U.S.C. § 1332(c)(1). Two recent District Court cases discussed the issue at length, and in each instance the Court determined that the "total activity" test was the appropriate test. *North Star Hotels Corp. v. Mid–City Hotel Associates*, 696 F.Supp. 1265, 1270 (D.Minn.1988) (MacLaughlin, J.); *Associated Petro. Producers, Inc. v. Treco 3 Rivers Energy Corp.*, 692 F.Supp. 1070, 1074 (E.D.Mo.1988) (Gunn, J.). In *North Star Hotels* the Court stated

cases from district courts within the Eighth Circuit (at least one of which received the implicit endorsement of the court of appeals [*Mahoney v. Northwestern Bell Telephone Co.*, 258 F.Supp. 500 (D.Neb.1966), *aff'd*, 377 F.2d 549 (8th Cir.1967)]) indicate that the issue of a corporation's principal place of business should be determined on the basis of each individual case and suggest that the most appropriate test is the 'total activity' test.

696 F.Supp. at 1270. The Court in *Associated Petro. Producers* also adopted the "total activity" test as the correct measure of a corporation's principal place of business. 692 F.Supp. at 1074.

■ The *North Star Hotels* Court also discussed application of the "total activity" test. When no one state is clearly the center of corporate activity or accounts for the majority of the corporation's income, employees or facilities, the location of the corporate headquarters and policy-making functions take on greater importance. Conversely, when virtually all of the corporate business is conducted in one state, but the headquarters and policy-making functions are situated in another state, the location of the corporation's business operations assumes greater importance. 696 F.Supp. at 1270.

Several cases illustrate the application of the "total activity" test. In *North Star Hotels, id.* at 1271, the defendant's nerve center, executive offices and policy-making functions all were located in Texas. The defendant's principal place of business was Minnesota, however, because its single business operation was in that state. Similarly, in *Associated Petro. Producers*, 692 F.Supp. at 1074–75, although its headquarters and policy-making functions were in Missouri, the defendant's principal place of business was Kentucky because it conducted virtually all of its business in that state. Conversely, in *Mahoney*, 258 F.Supp. at 502, the defendant had corporate operations in five states with no state clearly the center of operations. The defendant's principal place of business was Nebraska because its headquarters and policy-making functions were located in that state.

■ The Court finds the most appropriate test to determine a corporation's principal place of business is the "total activity" test adopted by *North Star Hotels* and *Associated Petro. Producers*. This test provides the best approach because it determines each case on an individual basis. The test considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case. As the *North Star Hotels* Court stated

[T]he split of authority [regarding the appropriate test to apply to determine the principal place of business] is largely linguistic. Even the cases which have taken the "operating assets" approach have not ignored the location of the executive offices and of management activity.... Conversely, those cases which recognize the "nerve center" test have not done so without considering the location of the company's operations. In fact, all of the cases which have come to the attention of this Court agree that the determination must be based on the facts of each individual case.

*Id.* at 1270 (quoting *Mahoney*, 258 F.Supp. at 502).

## IV. THE PARTIES' ARGUMENTS

Defendant's motion to dismiss argues that both parties are citizens of Arkansas because defendant's principal place of business is Arkansas. Defendant's supporting memorandum states that defendant has two manufacturing plants in Arkansas, and those plants produce the majority of goods manufactured and sold by defendant. The memorandum also states that more employees work in the Arkansas plants than any other location and the Arkansas payroll is greater than at any other location. Finally, defendant states that the lawsuit arises from the rental of real estate located in Arkansas and owned by defendant. Defendant attached an affidavit from Joseph J. Buczkowski, Manager, Special Projects, to substantiate these statements.

Plaintiffs' response states that all corporate documents produced through discovery (interrogatories, corporate by-laws, certificates of incorporation, etc.) indicate a Pennsylvania address as defendant's principal place of business. Plaintiffs' Interrogatory No. 1, attached to plaintiffs' response to the motion to dismiss, is noteworthy. "You have denied that your principal place of business is in Arkansas. Please attach to your answers to these Interrogatories

copies of whatever corporate minutes or documents would confirm this." Defendant answered this interrogatory by attaching copies of its certificate of incorporation, amended certificates of incorporation, certificate of merger and corporate by-laws. Plaintiffs also point out that Mr. Buczkowski's affidavit does not indicate Mr. Buczkowski's office location, the state or county where the notary public was located or the locations of defendant's other operations. Finally, plaintiffs argue that the Court has insufficient information on which to determine defendant's principal place of business.

## V. CONCLUSION

■ This admittedly is a close case, but for several reasons defendant's motion to dismiss for lack of subject matter jurisdiction will be granted. Plaintiffs failed to carry "the burden of establishing diversity jurisdiction by a preponderance of the evidence" as required by *Blakemore v. Missouri Pacific R.R. Co.*, 789 F.2d 616, 618 (8th Cir.1986). Plaintiffs' efforts do not establish that it is more likely than not that defendant's principal place of business is somewhere other than Arkansas. The corporate documents relied on by plaintiffs show that defendant's principal office address or registered office is Pennsylvania, but this is not necessarily the same thing as defendant's principal place of business for diversity jurisdiction purposes. Plaintiffs point out that the Court could have more complete information with which to determine defendant's principal place of business, but they generally just try to punch holes in defendant's motion to dismiss. Finally, plaintiffs' response came almost three months after defendant moved for dismissal. This was ample time to discover and plead the facts, if any exist, sufficient to establish diversity of citizenship.

Defendant's supporting memorandum and attached affidavit show that although it maintains its administrative office in Greensboro, North Carolina and its business operations are located throughout the United States, the majority of defendant's manufactured goods and sales are derived from the two Arkansas plants. The supporting documents also state that the majority of defendant's employees and payroll are located in Arkansas. While this case is not as clear-cut as those presented to the *North Star Hotels, Associated Petro. Producers* and *Mahoney* Courts, the fact that defendant is a Pennsylvania corporation with its executive offices in North Carolina should be given less weight than the location of the operations, employees and payroll. "When no one state is clearly the center of corporate activity, *or accounts for the majority of the corporation's income,* the headquarters and location of the corporate policy-making functions assume greater importance." *North Star Hotels,* 696 F.Supp. at 1270 (emphasis added). Given the quantity of defendant's Arkansas operations, the record before the Court and the guidance provided by the previous cases, it is the Court's opinion under the total activity test that defendant's principal place of business is more likely Arkansas than any other state. The Court also notes that the same result would follow had the Court adopted the "corporate activity" test utilized by the Western District of Arkansas in *Charles Keeshin, Inc. v. Farmers & Merchants Bank of Rogers,* 199 F.Supp. 478, 487–88 (W.D.Ark.1961).

The diversity jurisdiction statute was designed to reduce the number of corporate-defendant cases coming into federal court on diversity of citizenship grounds. If the case is close enough to be a fifty-fifty proposition, the Court should decline subject matter jurisdiction. As discussed above, however, plaintiffs have not made a case for even a "fifty-fifty" proposition. Finally, dismissal of the case without prejudice will not be unfair to plaintiffs. They can still proceed in state court, fully litigate their claims, rely on the same substantive law and utilize the discovery conducted to date in this case.

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be, and it is hereby, DENIED AS MOOT.

SO ORDERED.