IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is **DENIED.** [Doc. 54]

IT IS FURTHER ORDERED that plaintiff's motion to stay proceedings to discuss settlement is **DENIED as moot.** [Doc. 68]

An appropriate judgment will accompany this memorandum and order.

### JUDGMENT

In accordance with the memorandum and order of this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that judgment be entered in favor of all defendants and against plaintiff on all aspects of plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that costs are assessed against plaintiff.

**NEW SYSTEM CARPET & BUILDING CARE, LTD., d/b/a Rug Doctor Northern Florida, A Missouri Corporation and Jon Questell, Plaintiff,**

v.

**RUG DOCTOR, INC., a California Corporation, Rug Doctor, L.P., a Missouri Limited Partnership and Rug Doctor, L.P., a Delaware Limited Partnership, Defendants.**

No. 4:97CV2027–SNL.

United States District Court,
E.D. Missouri,
Eastern Division.

Feb. 3, 1998.

Gene J. Brockland, Jr., Partner, Peter W. Herzog, Jr., Partner, Lori F. Kutilek, Herzog and Crebs, St. Louis, MO, for plaintiffs.

Timothy F. Noelker, Carol L. Tate, Thompson Coburn, St. Louis, MO, Douglas E. Noll, Shawn H. Alikian, Lang and Richert, Fresno, CA, for defendants.

### MEMORANDUM

LIMBAUGH, District Judge.

Plaintiffs' motion for remand (# 15), and defendants' motion to strike jury demand (# 21), are now before the Court. As the Court believes that the case should be remanded to the State of Missouri court where it was initially filed, defendants' motion to strike jury demand will not be addressed, and will be left to Missouri judges to resolve.

Plaintiffs, New System Carpet & Building Care, Ltd., a corporation and Jon Questell, an individual, are citizens of the State of Missouri for the purpose of determining diversity of citizenship, 28 U.S.C. § 1332. Defendant Rug Doctor, Inc. was incorporated in, and purports to be a citizen of California and defendant Rug Doctor, L.P., a State of Delaware Limited Partnership was formed in Delaware.

Defendant Rug Doctor L.P., a Missouri Limited Partnership, is registered in the State of Missouri.

■ Plaintiffs contend that as defendant Rug Doctor, L.P., a Missouri Limited Partnership, is a citizen of Missouri and as plaintiffs are also citizens of Missouri, diversity does not exist thereby preventing this Court from having jurisdiction.

Defendants aver that as plaintiffs are citizens of Missouri and as each defendant has its principal place of business in California, they are, therefore, citizens of California for the purpose of determining diversity and removal to this Court from the State of Missouri court was proper.

On August 5, 1988 a certificate of Limited Partnership was issued by the Missouri Secretary of State to Rug Doctor, L.P., a Missouri Limited Partnership. The character of the Limited Partnership's business is to engage in any lawful act or activity for which partnerships may be formed in the State of Missouri. The original registered office is 906 Olive Street, St. Louis, Missouri 63101. Rug Doctor, Inc. was listed as the general partner and Goldame of Buffalo, New York, a stock savings bank, was the limited partner. Rug Doctor, Inc. contributed to the limited partnership substantially all of its assets which, after consideration of liabilities, had a value of $7,440,000. The limited partner was to contribute $4,560,000 cash.

On April 30, 1991 J.R.K. Investments, Inc., a California corporation acquired all of Goldame's interests in Rug Doctor, L.P., a Missouri Limited Partnership and Goldame withdrew from the Limited Partnership. Thereafter, Timothy Wall, an individual, purchased a limited partnership interest from J.R.K. Investments, Inc.

Defendants assert that Rug Doctor, L.P., a Delaware Limited Partnership, is comprised of Rug Doctor, Inc., the general partner, and J.R.K. Investments, Inc. and Timothy Wall as limited partners.

Defendants assert that Rug Doctor, Inc. intended to file an application for registration as a limited partnership in Delaware, and qualify that partnership to transact business in various states, as a foreign limited partnership. By mistake, it filed a certificate of formation in Missouri rather than a request to transact business as a foreign limited partnership. Assuming for the moment that a mistake was made, there is still nothing before the Court to suggest that Rug Doctor, L.P., a Missouri Limited Partnership is not a viable Missouri Limited Partnership. It was certified by the Missouri Secretary of State to be in good standing as late as October 7, 1997. There is also nothing in the record to show who the existing general partner is, or who the limited partners are. Conceivably, even though a mistake was made, the partners could still be the same as identified in the certificate of August 5, 1988, or they could be the same general partner and limited partners of Rug Doctor, L.P., a Delaware Limited Partnership.

■ As the parties have suggested, for the purpose of determining diversity, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), *Buckley, et al. v. Control Data Corporation, et al.*, 923 F.2d 96, 97 (8th Cir.1991).

Defendant Rug Doctor, Inc. incorporated in California, is the general partner of defendant Rug Doctor, L.P., a Delaware Limited Partnership and, apparently, continues to be the general partner of record for defendant Rug Doctor, L.P., a Missouri Limited Partnership notwithstanding the alleged mistake. In deciding whether diversity exists, it is necessary to determine whether Rug Doctor, Inc. as a defendant and as the general partner of the two limited partnership defendants, is deemed a citizen of California, its state of incorporation and whether it may be a citizen of another state if, in fact, the

corporation has its principal place of business in that state. If so, a corporation can, in fact, have dual citizenship, 28 U.S.C. § 1332(c). Although there are various tests for the purpose of determining a corporation's principal place of business, this Court adopts the "total activities test." *Associated Petroleum Producers, Inc. v. Treco 3 Rivers Energy,* 692 F.Supp. 1070 (E.D.Mo.1988), *North Star Hotels Corp. v. Mid–City Hotel Associates,* 696 F.Supp. 1265 (D.Minn.1988) and *White v. Halstead Industries, Inc.,* 750 F.Supp. 395 (E.D.Ark.1990).

Much of the administration of the business of defendants is conducted in California. The office and home of many of its executives and directors is in California although the home of the chairman and vice-chairman and the two major directors is in Texas. Many of its records are located there as are its administrative and financial offices. On the other hand, its principal place of production is in Fenton, Missouri where its main manufacturing plant is located.

The principal business activity is from the sale of machines and chemicals. The manufacturing facility in Fenton, Missouri employs 100 to 120 persons. Nearly all of the assembly of machines is done in the Fenton plant, and all orders are taken there, and most of the chemicals are bottled at that plant. Machines and chemicals from the plant are shipped throughout the United States, and in other countries. The Missouri facility contains the engineering department, the purchasing office and the consumer hot line which takes customer complaints and calls from various places in the country. Licensees make payments owed to defendants at this facility. Defendants only have four other employees in addition to those working at the Missouri plant, and these employees reside in Texas. Although there are some smaller facilities existing in other locations the activities of which contribute to defendants' gross income, the primary income comes from the activities that occur in the Fenton, Missouri plant.

It is the opinion of this Court, therefore, that following the reasoning in *Associated, North Star,* and *White* the principal place of business of Rug Doctor, Inc. as a defendant and general partner of the limited partnership defendants is in Missouri. This Court, therefore, has no jurisdiction to hear this case, and determines that it should be remanded to the State of Missouri courts.