**Carmen JULIEN, Plaintiff-Appellant,**

**v.**

**SARKES TARZIAN, INC. and Helene Lewis, as Administratrix of the Estate of Chalmer H. Lewis, Jr., Deceased, Defendants-Appellees.**

**No. 15039.**

United States Court of Appeals
Seventh Circuit.

Oct. 21, 1965.

James J. Stewart, Terence L. Eads, Indianapolis, Ind., Russell H. Hart, Lafayette, Ind., for plaintiff-appellant.

Frederick J. Frosch, William M. Osborn, Bingham Summers & Spilman, Indianapolis, Ind., for defendants-appellees, Armstrong, Gause, Hudson & Kightlinger, Indianapolis, Ind., of counsel.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this suit in the District Court to recover damages for personal injuries. Jurisdiction was based upon alleged diversity of citizenship. A trial was held before the Court upon the preliminary issue of jurisdiction and oral and documentary evidence was received. The trial court filed findings of fact and conclusions of law. The Court found that on May 22, 1963, the date when the instant suit was commenced, plaintiff was a domiciliary and citizen of the State of Indiana. As both defendants were citizens of Indiana, a judgment was entered dismissing the suit for want of diversity jurisdiction.

■ The pertinent and controlling legal principles may be briefly stated. Plaintiff's suit was filed on May 22, 1963 in the United States District Court for the Southern District of Indiana. Plaintiff alleged in the complaint that she was a citizen of the State of Connecticut, and that both of the defendants were citizens of Indiana. Plaintiff had the burden of proof to prove these allegations by a preponderance of the evidence.

■ The existence of citizenship, in order to establish federal jurisdiction, is to be determined as of the time the suit is filed. Boesenberg v. Chicago Title and Trust Company, 7 Cir., 128 F.2d 245, 247, 141 A.L.R. 565; Russell v. New Amsterdam Casualty Company, 8 Cir., 325 F.2d 996, 998.

■ Citizenship and domicile are synonymous for the purposes of Title 28 U.S.C. § 1332(a) (1), which provides for federal jurisdiction by reason of diversity of citizenship. Janzen v. Goos, 8 Cir., 302 F.2d 421.

■ We set forth some of the facts established by the evidence which we hold amply support the District Court's findings.

Plaintiff, who is single, was born and lived as a child and young adult, in Bristol, Connecticut. She attended the University of Connecticut, receiving a BS degree in physical therapy in June 1955. Thereafter, she attended New York University and obtained a Master's degree in physical therapy. She registered at New York University as a Connecticut resident.

Plaintiff turned twenty-one in 1952 and registered to vote in Bristol as a Connecticut resident in both the 1952 and 1956 elections. She owned an automobile which was licensed in Connecticut and she had a Connecticut driver's license.

In October 1958, plaintiff went to Indianapolis and took a position with Crossroads Rehabilitation Center. She lived at the Catholic Women's Association where thirty-eight girls resided. The furnished rooms were similar to YWCA accommodations. During her entire period in Indianapolis, plaintiff lived at the same address, and worked at the same place.

On November 17, 1959, plaintiff filed an application for a license from the State of Indiana to practice physical therapy. In this application, plaintiff stated, under oath, that both her present and intended addresses were in Indianapolis. The Indiana license was issued to plaintiff in early 1960.

Plaintiff was continuously present in Indiana, except for vacations, from October 18, 1958 to August 19, 1961, the date of the accident. Thereafter, she was in the hospital at Lafayette, Indiana, until December 16, 1961 when she returned to Connecticut.

During the period plaintiff lived in Indianapolis, she opened a bank account there and transferred her church membership to a church in that city.

In 1960, plaintiff purchased an automobile and it was licensed in Indiana. Plaintiff registered to vote in Indiana, and did vote in one city and one national election. Plaintiff did not register to vote in Connecticut after the date of her accident.

Plaintiff filed federal income tax returns and paid federal income taxes for

the years 1958, 1959 and 1960 at the Indianapolis office of Internal Revenue Service. Except for the tax return due in April 1962, plaintiff filed no federal tax returns in Connecticut until after April 1964.

Prior to the accident, plaintiff had terminated her employment by giving two weeks' notice. She had made previous contact with Purdue and Marquette Universities concerning future schooling. At the time of the accident, plaintiff was on her way to Milwaukee, Wisconsin, for an appointment concerning a job opening there. She had given her landlady notice that she would be leaving.

For almost four months, plaintiff was confined to a hospital in Lafayette, Indiana, due to injuries received in the automobile collision occurring on October 19, 1961. She then went to Bristol, Connecticut, to the home of her parents. Her mother had been staying with her in Lafayette during her period of hospitalization. After the accident, plaintiff lived in Bristol, Connecticut, except for a period when she stayed in Lowell, Massachusetts. Plaintiff returned to Lafayette for additional surgery in September 1962 and September 1963. On one of those occasions, she went over to the University of Illinois to inquire about future schooling. She was later admitted to the University of Illinois as a Connecticut resident, but was deferred because of a two-year waiting period.

While working in Indianapolis, plaintiff had become interested in and had inquired about graduate study at Purdue. University, Lafayette, Indiana. Plaintiff was acquainted with a Purdue professor with whom she had worked at the Rehabilitation Center.

In September 1962, plaintiff applied to the Purdue University Graduate School and was admitted as an Indiana resident. In her application, plaintiff stated her present address was 87 Tulip Street, Bristol, Connecticut, and that her permanent address was 25 North Twenty-second Street, Lafayette, Indiana. In answer to the question "In what state do you claim legal residence?" plaintiff answered—"Indiana" and added in parenthesis the words "I am presently in Connecticut while recovering from an auto accident."

Plaintiff now says that her answer as to her "permanent" residence was incorrect; that she hoped by being classified as an Indiana resident by Purdue officials to avoid a waiting period for admission such as she had experienced at the University of Illinois. Plaintiff says she explained her status in this respect to Purdue officials who approved of her admission as an Indiana resident. Although accepted for admission, plaintiff was still physically unable to attend Purdue, and requested deferments on three occasions.

Plaintiff now says she considered herself an Indiana resident for school purposes only, and that on May 22, 1963, she considered herself a legal resident of Bristol, Connecticut. Her counsel argues that at the time her suit for damages was filed, she had no contacts with Indiana except for entertaining the hope to enter Purdue University to complete work for her doctorate degree in physical therapy.

However, in April 1964, plaintiff testified, under oath, in a deposition that she had plans for going back to Indiana for permanent residence. At the time of the trial, she did not recall such a statement and believed she made an error or misstatement.

Plaintiff also made the following answers in her September 20, 1963 deposition taken at Lafayette:

"Q. Since the collision have you indicated to anyone you intended to return to Indiana permanently?

"A. Yes. This is my home and this is where I plan to come back to school, so I am home.

"Q. You are home now?

"A. Home now."

The determination of citizenship is a mixed question of law and fact, but mainly of fact. Janzen v. Goos, supra,

p. 423 of 302 F.2d; Welsh v. American Surety Company of New York, 5 Cir., 186 F.2d 16, 18.

■■ This Court will not set aside the trial court's finding of want of jurisdiction unless it is clearly erroneous. Appelt v. Whitty, 7 Cir., 286 F.2d 135. Any questions of credibility were, of course, for the District Judge.

We hold that the findings of the District Court are fully supported by the evidence and the Court was correct in dismissing the action for want of diversity jurisdiction.

Affirmed.