**Benjamin L. EHRLICH, Plaintiff-Appellant,**

**v.**

**Wanda L. VAN EPPS, etc., et al., Defendants-Appellees.**

**Nos. 17852, 17853.**

United States Court of Appeals, Seventh Circuit.

June 22, 1970.

Benjamin L. Ehrlich, Chicago, Ill., for plaintiff-appellant.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., David

R. Shevitz, John H. Jackson, A. E. Peterson, Edmund Gronkiewicz, Robert C. Mitchell, Jay S. Riskind, Chicago, Ill., for defendants-appellees; Morgan, Lanoff, Cook & Madigan, Pope, Ballard, Kennedy, Shepard & Fowle; D'Ancona, Pflaum, Wyatt & Riskind, Chicago, Ill., of counsel.

Before KILEY, and CUMMINGS, Circuit Judges, and DOYLE,[1] District Judge.

PER CURIAM.

This is a combined appeal from an order dismissing the complaint and an order denying appellant's motion to have an attorney appointed to advise him.

■ Following a hearing, the district court dismissed the complaint, determining as a matter of fact and law that diversity jurisdiction under 28 U.S.C. § 1332 was lacking. In answer to questions put to him by the district court, appellant testified that he had resided in Chicago, Illinois, from about December, 1968 to the commencement of this action on February 14, 1969; he was then residing in Illinois; he intended to remain in Illinois while prosecuting this and other pending actions; he had not lived in Missouri since 1965; his intention to return to Missouri depended upon marrying a woman who lived in Missouri and to whom he was then engaged. The district court found and concluded that based upon appellant's "present residence in Chicago and his very indefinite and tentative intentions of returning to Missouri," appellant had failed to establish that he was a citizen of a state other than Illinois. There is a sufficient basis in fact for this finding and conclusion and it will not now be disturbed. Julien v. Sarkes Tarzian, 352 F.2d 845 (7th Cir. 1965). Since all the defendants were citizens of Illinois,[2] the district court correctly concluded that jurisdiction under 28 U.S.C. § 1332 was lacking.

The complaint also claims federal question jurisdiction under 28 U.S.C. § 1331. A careful examination of the complaint fails to reveal any basis for such a claim.

■■ Appellant's assertion that this action is authorized by the Civil Rights Act and consequently that jurisdiction is present under 28 U.S.C. § 1343 is raised for the first time in this appeal. The contention is not properly before us for determination. Hazeltine Research v. Avco Manufacturing Corp., 227 F.2d 137 (7th Cir. 1955). Even if we were to entertain this contention, there is no cause of action stated under 42 U.S.C. § 1983 or § 1985 since the complaint does not reveal a deprivation, under color of state authority, of appellant's constitutional rights. Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Kamsler v. M. F. I. Corporation, 359 F.2d 752 (7th Cir. 1966).

■■ Although 28 U.S.C. § 1915(d) authorizes the court to request an attorney to represent any person unable to employ counsel, the court is not required to do so in a civil case. Knoll v. Socony Mobil Oil Company, 369 F.2d 425 (10th Cir. 1966), cert. den. 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138, reh. den. 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618, reh. den. 389 U.S. 893, 88 S.Ct. 18, 19 L.Ed.2d 212. Based upon an examination of the entire record in this case, we conclude that the district court was well within its discretion in denying appellant's motion to have an attorney appointed to advise him. Cf. Ligare v. Harries, 128 F.2d 582, 583 (7th Cir. 1942).

For the foregoing reasons, the orders of the district court are affirmed.

Affirmed.

1. District Judge Doyle of the Western District of Wisconsin is sitting by designation.

2. The district court granted the motion of defendant Becker, a Missouri resident, to quash service of process.