**GALVA FOUNDRY COMPANY,**
Plaintiff–Appellant,

v.

**Ray F. HEIDEN, Defendant–Appellee.**

No. 90–1468.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1991.

Decided Feb. 13, 1991.

James R. Morrin, Wildman, Harrold, Allen & Dixon, Chicago, Ill., James E. Konsky, Vonachen, Lawless, Trager & Slevin, Peoria, Ill., for plaintiff-appellant.

Dean B. Rhoads, Edwin L. Durham, Sutkowski & Washkuhn, Peoria, Ill., for defendant-appellee.

Before CUMMINGS, POSNER, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

■ The district judge dismissed this case for want of diversity jurisdiction because he concluded that on the day the complaint had been filed, the defendant, Ray Heiden, was a citizen of Illinois—a state of which the plaintiff, Galva Foundry, is unquestionably a citizen for diversity purposes (it is incorporated in Illinois). This conclusion must stand unless clearly erroneous. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986); *Blakemore v. Missouri Pac. R. Co.*, 789 F.2d 616, 618 (8th Cir.1986); *Julien v. Sarkes Tarzian, Inc.*, 352 F.2d 845 (7th Cir.1965); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir.1985).

■ Although the diversity statute defines the state of a corporation's citizen-

ship—a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business, 28 U.S.C. § 1332(c)(1)—there is no statutory definition of an individual's state of citizenship. But the courts have held that it is the state of the individual's domicile, *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 166, 59 L.Ed. 360 (1915); *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir.1980) (per curiam); *Julien v. Sarkes Tarzian, Inc., supra*, 352 F.2d at 846; *Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027, 1029 (1st Cir.1988)—the state he considers his permanent home.

■ Unfortunately, in this age of second homes and speedy transportation, picking out a single state to be an individual's domicile can be a difficult, even a rather arbitrary, undertaking. Domicile is not a thing, like a rabbit or a carrot, but a legal conclusion, though treated as a factual determination for purposes of demarcating the scope of appellate review. And in drawing legal conclusions it is always helpful to have in mind the purpose for which the conclusion is being drawn. The purpose here is to determine whether a suit can be maintained under the diversity jurisdiction, a jurisdiction whose main contemporary rationale is to protect nonresidents from the possible prejudice that they might encounter in local courts. This argues for finding the defendant, Mr. Heiden, to be a domiciliary of the same state as the plaintiff, Galva—that is, Illinois. Heiden is a long-time resident of Illinois and unlikely therefore to encounter hostility in its state courts. And anyway he does not want to be in federal court. It is Galva that wants to be in federal court. Yet Galva is indisputably a citizen of Illinois.

Heiden, 68 years old when the suit was filed in 1989, was born and raised in Peoria, and has lived there all his life and worked there all his life until the events giving rise to this suit. Having risen through the ranks to become the president of Galva, in 1988 he quit the company and sold his stock in it. The suit charges that he defrauded the company. In 1966 Heiden had bought a second home in Florida, which he and his wife have used as a vacation home. In 1989, after leaving the employ of Galva, Heiden spent several months in Florida, dividing the balance of the year between Peoria and Europe. He is not at present working, but he maintains his home in Peoria, spends the greater part of the year there rather than in Florida, and retains his membership in both a country club and a church in Peoria.

In 1988, however, Heiden had registered to vote in Florida, had taken out a Florida driver's license, had stated in an application for a Florida tax exemption that he had become (as of that year) a permanent resident of Florida, and had listed his Florida address as his permanent address on both his federal and Illinois income tax returns. He did all these things for tax purposes, mainly to shelter the proceeds of the sale of his stock in Galva from Illinois taxes, which are higher than Florida taxes—at least for Florida residents (the Florida constitution forbids the imposition of state income taxes on individuals who are citizens of the state). He may decide to retire to Florida eventually but for the foreseeable future he intends to spend most of the year in Peoria, as he has always done.

There is no question that before 1988 Heiden was a domiciliary of Illinois. The question is whether the steps he took in 1988 in order to beat Illinois taxes effected a change of domicile. We cannot say that the district judge made a clear error in concluding that they did not. Galva's argument that Heiden had residences in two states and by his actions chose one of them—Florida—to be his domicile is unacceptable because it makes changing one's domicile too easy. Anyone with residences in two or more states could change domicile continually, by changing his voter registration or his driver's license, in order to take advantage of changes in tax law or to opt in or out of federal diversity jurisdiction.

Heiden intended no change in the manner or style of his life, the center of gravity of which was and remains in Peoria, but only a change in his tax rate. The aura of fraud that surrounds his maneuverings in 1988 would help Galva if citizenship for diversity

purposes could be acquired by estoppel—which Galva does not argue, and rightly so, for such an argument would be inconsistent with the rule that diversity is a jurisdictional requirement, which a defendant cannot, therefore, waive. But since citizenship cannot be acquired by estoppel, the aura of fraud hurts Galva. It shows that Heiden did not want to change his domicile. He just wanted to fool the taxing authorities in Florida and particularly Illinois (for it was Illinois taxes that he was trying to escape) into thinking he did. This is shady business but it cannot convert a suit between two residents of Illinois into a suit against a Floridian.

AFFIRMED.