John D. SHEEHAN, Sr., Appellant,

v.

Deil O. GUSTAFSON, Appellee.

No. 91–3078.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1992.

Decided June 23, 1992.

Timothy D. Kelly, Minneapolis, Minn., argued, for appellant.

Alan L. Kildow, Bloomington, Minn., argued, for appellee.

Before ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

John D. Sheehan, Sr., appeals the order of the District Court[1] dismissing his action for lack of subject matter jurisdiction. We affirm.

Sheehan, a Nevada citizen, commenced an action in February 1991 against Deil O. Gustafson alleging breach of an oral contract involving the proceeds of the sale of the Tropicana Hotel and Casino in Las Vegas, Nevada. Sheehan brought his action in federal court in Minnesota, asserting that diversity jurisdiction was proper under 28 U.S.C. § 1332(a) (1988), because Gustafson, according to the complaint, was a citizen of Minnesota. Gustafson moved to dismiss the complaint for lack of subject matter jurisdiction. The District Court granted that motion in July 1991, holding that Gustafson, like Sheehan, was a citizen of Nevada and thus there was no diversity of the parties. Sheehan appeals.

■ A district court's conclusion as to citizenship for purposes of federal diversity jurisdiction is a mixed question of law and fact (albeit primarily fact). *Blakemore v. Missouri Pac. R.R.*, 789 F.2d 616, 618 (8th Cir.1986). The findings of fact upon which the legal conclusion of citizenship is based thus are subject to review by this Court under the clearly erroneous standard. *Id.*

■ The statute conferring diversity jurisdiction in federal court requires that the parties be citizens of different states.

28 U.S.C. § 1332(a)(1). Section 1332(a) must be strictly construed, in view "of the constitutional limitations upon the judicial power of the federal courts, and of the Judiciary Acts in defining the authority of the federal courts when they sit, in effect, as state courts." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941) (footnote omitted); *accord Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). Thus the burden falls upon the party seeking the federal forum, if challenged, to demonstrate by a preponderance of the evidence that the parties are citizens of different states. *Blakemore*, 789 F.2d at 618. The District Court found facts that are not clearly erroneous and determined that Sheehan failed to carry his burden. We cannot say the court erred as a matter of law.

■ Courts look to the facts as of the date an action is filed to determine whether or not diversity of citizenship exists between the parties. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir.1990). "For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous." *Id.* Therefore, to determine if Gustafson is a citizen of a state other than Nevada, the proper analysis is the two-part test for domicile: Gustafson's presence in the purported state of domicile and his intention to remain there indefinitely. *See id.*

■ The facts of this case, as found by the District Court, indicate that in February 1991 Gustafson had a presence in both Nevada and Minnesota (as well as California and Florida). Gustafson was a citizen of Minnesota until 1973 when he moved to Las Vegas, Nevada, to manage the Tropicana Hotel, which he had purchased in 1972. In 1975, he sold eighty percent of his interest in the hotel. In 1983, Gustafson was convicted in federal court in Minnesota of misappropriation of bank funds and was incarcerated from 1984 to 1987.

The facts found by the District Court that are evidence of Minnesota domicile as

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

of February 1991 include Gustafson's bank and investment accounts in the state; ownership of property in Minnesota by a corporation controlled by Gustafson, including a condominium whose address Gustafson uses as his own in his monthly reports to his probation officer; Gustafson's use of corporate vehicles when in the state; location of Gustafson's secretary and office in Minneapolis, where he regularly checks for messages and mail; location of Gustafson's physician, dentist, and attorney in the state; and his use of Minnesota addresses and bank accounts for some of his Nevada businesses.

The facts found supporting Nevada domicile include Gustafson's holding a Nevada driver's license since 1973 and the registration of his personal vehicles in the state; Gustafson's filing of Minnesota tax returns as a non-resident since 1974, with a Nevada permanent address shown; Gustafson's voter registration in Nevada since 1973; his current valid passport showing a Nevada address; Gustafson's last will (dated July 2, 1989) containing a statement that he is domiciled in Clark County, Nevada; use of his parents' home address in Boulder, Nevada, as Gustafson's permanent address since the mid–1980's; and current (as of 1991) construction of a new home on his ranch in Ely, Nevada.[2]

The facts demonstrate Gustafson's presence and intent to remain in Nevada, that is, domicile in Nevada. Sheehan did not show by a preponderance of the evidence that Gustafson's domicile was in fact in Minnesota at the time suit was filed. Sheehan's evidence to show domicile in Minnesota primarily demonstrates Gustafson's business contacts and occasional presence in the state; the Nevada contacts are more indicative of intent to remain.

Finding no clearly erroneous findings of fact and no error of law, we affirm the decision of the District Court.

---

**2.** The historical dates included here demonstrate that the actions of Gustafson that connect him to Nevada were not recently undertaken to avoid diversity jurisdiction in Minnesota.