Rixson Merle PERRY, Plaintiff,

v.

Christopher R. POGEMILLER,
et al., Defendants.

No. 92 C 0824.

United States District Court,
N.D. Illinois, E.D.

Jan. 22, 1993.

R.M. Perry, Arlington Heights, IL, for plaintiff.

Michael Resis, Querrey & Harrow, Ltd., Chicago, IL, for defendants.

LINDBERG, District Judge.

Defendants' motion for leave to file response to plaintiff's objections to the magistrate's report and recommendation of November 18, 1992 is denied as moot. The court having reviewed de novo the portions of the Magistrate Judge's November 18, 1992 report and recommendation to which plaintiff has objected are overruled. The court accepts the report and recommendation in its entirety; and dismisses this action with prejudice.

REPORT AND RECOMMENDATION

EDWARD A. BOBRICK, United States Magistrate Judge.

Before the court is the defendants' motion to compel certain discovery from plaintiff under Fed.R.Civ.P. 37. We address the motion pursuant to the court's referral of this case for all dispositive and non-dispositive matters.

Defendants filed their motion to compel in response to plaintiff's stated refusal to respond to any of defendants' discovery inquiring into the factual basis for plaintiff's claim of diversity of citizenship. On August 18, 1992, this Magistrate Judge held a hearing on defendants' motion to

compel. At that hearing we found defendants' motion to compel well-taken, granting same and ordering plaintiff to respond to all but a small portion of the defendants' discovery.

Plaintiff's response to our ruling, was to the effect that he would: (1) not answer or respond in any manner to any of defendants' discovery, (2) accept dismissal of his complaint for his stated refusal to answer the court ordered discovery, and (3) address his obligation to respond to defendants' discovery in the setting of an appeal to the U.S. Court of Appeals for the Seventh Circuit. Since this turn of events require our finding that the complaint should be dismissed, with prejudice, for failure to comply with the court's order, we are required to set forth our findings in the form of a Report and Recommendation.

## I. BACKGROUND

On March 23, 1989, the plaintiff filed an action in the 19th Judicial Circuit Court, Lake County, Illinois, against the same party defendants as those herein. In that cause of action, plaintiff alleged he was a citizen of the State of Illinois. On February 4, 1991, plaintiff voluntarily dismissed the state court action. On February 3, 1992, plaintiff filed the instant case in the federal district court against the same named defendants, alleging the identical cause of action as that in the state case. Plaintiff, in his initial federal complaint, alleged he was a citizen of the Commonwealth of Pennsylvania, and that on March 23, 1989, when he filed suit in the Illinois state court, was a citizen of Illinois. Plaintiff, at the time of filing of the instant case, indicated to the Clerk of the Court that his mailing address was "POB 1951, Arlington Heights, Illinois 60006."

It is under these circumstances that the defendants, on July 6, 1992, filed a motion to dismiss based upon a lack of subject matter jurisdiction, simultaneously serving on plaintiff discovery specifically inquiring into matters that need be considered in determining a person's citizenship for the purposes of diversity jurisdiction. Defendants' discovery was clearly aimed at challenging plaintiff's claim of diversity jurisdiction, and under the circumstances as above described, is found to be more than a reasonable undertaking. It is this discovery that is the focus of this Report and Recommendation.

The parties, apparently as part of a Local General Rule 12(K) conference, did discuss the need for plaintiff to respond to defendants' discovery. Plaintiff, at that time, indicated he would not respond to any of the discovery served upon him. Defendants, pursuant to Local Civil Rule 1,[1] also requested plaintiff to provide a certified statement setting forth his residence. Plaintiff declined to provide this information as well. After plaintiff indicated he would not comply with defendants' discovery, or the request under Local Civil Rule 1, defendants then filed their motion to compel, which brings this matter to issue.

## II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO RESPOND TO DEFENDANTS' DISCOVERY AS ORDERED BY THE COURT

On August 18, 1992, a hearing was held on defendants' motion to compel. At that hearing we reviewed each and every interrogatory and production request. Some of the discovery requested information going back five years in time from the date of the interrogatory, others requested information for a lesser period of time. The type

1. Local Civil Rule 1 provides, in full:
   Address of Party or Original Owner of Claim to be Furnished
   A party shall furnish to any other party, within five days after demand, a certified statement setting forth his/her post office address and residence, and, if a corporation, the names, post office addresses and residences of its principal officers, in the case of an assigned claim, the statement shall include the post office address and residence of the original owner of the claim and of any assignee thereof. Upon non-compliance with the demand, the court, on ex parte application, shall order the furnishing of the statement, and in a proper case, on motion, may direct that proceedings on the part of the non-complying party be stayed, or make such other order as justice requires.

of information sought from plaintiff in defendants' discovery involved the following: the identification of plaintiff's current address; information concerning his residences over a five-year period; his mailing addresses over a five-year period; information concerning his voter registration and driver license registration; location of real estate ownership; location of leases on plaintiff's residence(s); identification of the state in which he lived at the time he filed his federal or local income taxes; information on bank accounts; and addresses he had used as credit references. In large part, we allowed defendants' inquiry into these matters since it was obvious to us the discovery comprised a legitimate inquiry into facts surrounding plaintiff's domicile. Accordingly, we granted defendants' motion to compel and ordered plaintiff to fully answer defendants' discovery. In response to our granting defendants' motion to compel and ordering plaintiff to respond to defendants' discovery, plaintiff, in open court, stated he would not comply with the discovery requests, and that he was willing to accept dismissal of his suit as a result of his stated refusal.

■ The plaintiff's refusal to comply with the discovery request was based on two objections. The first, and in reality plaintiff's real challenge to defendants' discovery, rested upon his assertion that since diversity jurisdiction is determined at the time of commencement of the action, defendants' discovery seeking information occurring prior to the day plaintiff actually filed the instant law suit is not relevant to the issue of diversity jurisdiction. The second objection was in the form of a general objection based upon lack of relevancy. Plaintiff steadfastly maintains that the only information defendants are entitled to is that information distinctly limited in time to the actual day the instant action was

filed. Plaintiff, in support of his position, relies upon two court decisions that hold that diversity of citizenship for federal jurisdiction is assessed at the time the action is filed: *Freeport–McMoRAN, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) and *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980). While we do not disagree with the holding of the cited cases, we find plaintiff's application of same untenable and, indeed, hostile to what would be this court's legitimate inquiry into facts surrounding his claim of diversity jurisdiction, and of course, any challenge thereto. As such, plaintiff's refusal to comply requires that his complaint be dismissed with prejudice.[2] *National Artists Management Co., Inc. v. Weaving*, 769 F.Supp. 1224, 1228 (S.D.N.Y.1991).

■ Finally, plaintiff's complaint must be stricken by reason of his stated failure to comply with Local Civil Rule 1. Local Civil Rule 1 requires "that a party furnish to any other party, within five days after demand, a certified statement setting forth his post office address and residence ..." On or about July 2, 1992, the defendants, pursuant to Local Civil Rule 1, requested plaintiff to furnish an address and residence. Plaintiff has refused to comply with the defendants request. Accordingly, pursuant to Local Civil Rule 1, justice requires that plaintiff's complaint be dismissed.

### III. DEFENDANTS' DISCOVERY SEEKS RELEVANT INFORMATION

■ It is well established that diversity of citizenship for jurisdictional purposes is determined as of the time of the filing of the action. *Freeport–McMoRAN, Inc., et al v. KN Energy, Inc.*, 498 U.S. 426, ——, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991).

---

**2.** As earlier mentioned, the instant controversy evolved from defendants' factual attack upon plaintiff's claim of diversity jurisdiction. This took the form of a motion to dismiss under Fed.R.Civ.P. 12(b)(1). Since the controversy never reached the point at which the court would be required to weigh the substantive evidence as to the existence of the court's power to hear the case, we will not burden this decision with a discussion of plaintiff's burden of proving that federal jurisdiction does, in fact, exist in the first place. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir.1992); *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir.1981). We focus our attention herein only on the sustainability of defendants' discovery and the obligation of plaintiff to be forthcoming as to that discovery.

It is equally well established that the determination of citizenship is a mixed question of law and fact, but mainly of fact. *Holmes v. Sopuch,* 639 F.2d 431, 434 (8th Cir.1981); *Julien v. Sarkes Tarzian, Inc.,* 352 F.2d 845, 847 (7th Cir.1965). In determining a person's citizenship, the courts have looked to the person's domicile to reach their conclusions. *Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir. 1991); *Lundquist v. Precision Valley Aviation,* 946 F.2d 8, 10 (1st Cir.1991). To determine a person's domicile we are required to pursue a two-part analysis: one deals with the person's presence within the purported state of domicile, and the other deals with his intention to remain there indefinitely. *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir.1992); *Heiden,* 924 F.2d at 732. All of this leads to a rather detailed fact-finding mission in matters dealing with contested diversity jurisdiction.

Plaintiff would have us believe that defendants' discovery attempts generally seek irrelevant matters. More pointedly, and as was made known at the hearing, plaintiff's real objection to defendants' discovery centered around his reluctance to provide any information other than that which could be learned about his activities taking place on the very day he filed suit. Plaintiff maintains and relies on the axiom that since diversity is essentially determined on the day the action is filed, he need not provide any information relevant to his status prior thereto. We find plaintiff is dead wrong both generally and specifically.

As to the general characterization that defendants' discovery is irrelevant, we find a total absence of any merit to such a claim. The discovery we sustained was targeted at the kind of information that has long been held to be among the influential factors to be considered and the type of evidence that is necessary in making a determination of where one's domicile is located. For example, in *Lundquist,* the First Circuit Court of Appeals held:

> There are, of course, many factors that courts have deemed relevant to the determination of a party's domicile.

While it is impossible to catalogue all factors bearing on the issue, they include the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment.

946 F.2d at 11–12. Courts have also listed other facts as relevant, including whether the person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears), affiliations with social organizations, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc. *Weaving,* 769 F.Supp. at 1228. Since defendants' discovery clearly seeks information as to plaintiff's residential or domiciliary presence, *see supra* p. 165, we believe we need look no further than we have to sustain defendants' discovery, most all of which mirrors those factors identified in the latter two cited cases.

Plaintiff's argument that he has no obligation to provide any information concerning his citizenship, other than that selected information that may be relevant only on the date of his filing an action, also rings a sour note for the reason that such a restriction would effectively cutoff any inquiry into plaintiff's intentions to indefinitely remain at a particular residence. We know that the key to determining "intention to remain" requires a close inspection of a person's course of conduct. In this regard, we have found no court which limited its inquiry into issues of diversity jurisdiction to the date of the filing of the action. Quite the contrary, the courts have regularly held that since "intent is crucial" to the determination of one's domicile, an approach which looks to the totality of the evidence is required. *Weaving,* 769 F.Supp. at 1228. In reviewing a party's course of conduct to determine intention as to the claimed domicile, the courts have, for example, considered various evidence. In *Lundquist,* the court viewed, among other things, the claiming party's voting registra-

tion over a 14 year period. 946 F.2d at 10. In *Sheehan,* the court considered the claiming party's drivers license, tax returns, and registration of his cars over an 18-year period. 967 F.2d at 1216. In *Julien,* the court viewed the claiming party's education, voting, and employment history over a 9-year period. 352 F.2d at 846–847. In *Holmes,* the court looked at the plaintiff's one-year educational program. 639 F.2d at 434.

If we were to follow plaintiff's reasoning, any evaluation of a course of conduct to determine a person's domiciliary intention would obviously be impossible, defeating the court's legitimate obligation to test the sufficiency of a challenged claim of diversity. We suggest this is just the type of obstacle plaintiff wishes to impose. The question of what is an appropriate inquiry into citizenship was more than adequately answered in *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553 (5th Cir.1985), in which the court stated:

> Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile. Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile.

754 F.2d at 555–556. Accordingly, we find defendants' requests for information concerning plaintiff's course of conduct, over a five-year period (or less as the case may be) require a complete response on plaintiff's part. Plaintiff's stated refusal to provide this information must result in dismissal of his complaint.

## IV. FAILURE TO COMPLY WITH LOCAL CIVIL RULE 1

Local Civil Rule 1 requires a party, upon request of any other party, to provide "a certified statement setting forth his ... residence." On July 1, 1992, the defendants, pursuant to Local Civil Rule 1, made a formal demand for such information of plaintiff. Plaintiff refused to provide the demanded information, and persists in noncompliance with the Rule. We find that justice requires that plaintiff's complaint be dismissed for his intentional failure to comply with the requirements of the court's rule.

## V. CONCLUSION

This matter deals with a party's open refusal to comply with another party's court-ordered discovery. The discovery in question singularly relates to matters going to plaintiff's claim of diversity jurisdiction. Plaintiff's reasoning for such failure to comply was based upon his assertion that he was only obligated to provide information limited to the single day that he filed his cause of action. We earlier concluded there was no merit whatsoever to plaintiff's argument, and ordered that he answer defendant's discovery. His continued refusal to comply with the court's order warrants dismissal of his complaint. Plaintiff's failure to answer, however, does not stop there. He even refuses to provide to defendants that to which he has argued defendant is entitled, i.e., the 24 hours of information in existence on the date of filing of this action.

Plaintiff has stated he would rather see his action dismissed, than comply with the court's order to answer defendants' discovery requests. We will recommend that plaintiff be granted that which he so desires. Accordingly, it is recommended that, for those reasons stated herein, plaintiff's complaint be dismissed, with prejudice, pursuant to Fed.R.Civ.P. 37(b)(2)(C).

Additionally, by reason of plaintiff's baseless, unjustified, and reckless failure to comply in any manner with the court's order requiring his response to defendants' discovery, we recommend that, pursuant to Fed.R.Civ.P. 37(b)(2)(E), plaintiff be required to pay to defendants their reasonable expenses, including attorneys' fees incurred in this case.

Finally, as an additional but separate matter, we recommend that plaintiff's complaint be dismissed, with prejudice, for his

intentional failure to comply with Local Civil Rule 1.