No. 96-2383

Jimmy Lee Walker, III, by his        *
legal guardian Cynthia M.            *
Walker;                              *
                                     *
        Plaintiff - Appellant,       *
                                     *
Cynthia M. Walker; James             *
Harrison Massey,                     *
                                     *
        Appellants,                  *
                                     *
        v.                           *
                                     *
Norwest Corporation, a               *
Minnesota Corporation and            *
Fiduciary of Jimmy Lee Walker,       *
III; Norwest Bank, South             *
Dakota; Norwest Investment           *   Appeal from the United States
Management & Trust, a Sioux          *   District Court for the
Falls, South Dakota, based           *   District of South Dakota.
subsidiary of Norwest                *
Corporation and as Fiduciary         *
of Jimmy Lee Walker, III;            *
Richard Kovacevich,                  *
individually and as Chief            *
Executive Officer of Norwest         *
Corporation, and Fiduciary of        *
Jimmy Lee Walker, III; Gary          *
Olson, individually, and as          *
President, Chairman, and Chief       *
Executive Officers of Norwest        *
Bank South Dakota, N.A.,             *
Regional Office, and as              *
Fiduciary of Jimmy Lee Walker,       *
III; Kirk Dean, individually,        *
and as President of Norwest          *
Bank South Dakota, N.A., Rapid       *
City location and as Fiduciary       *
of Jimmy Lee Walker, III;            *
Dennis Hoffman, individually         *
and as President of Norwest          *
Investment Management & Trust,       *
and Fiduciary of Jimmy Lee           *
Walker, III; Tom Naasz,              *
individually, and as Vice            *
President of Norwest Investment      *

Management & Trust; and as              *
Fiduciary of Jimmy Lee Walker,          *
III; and as Co-Trustee and              *
Fiduciary of Jimmy Lee Walker,          *
III; Beal Law Offices, as a law         *
firm, partnership, corporation,         *
or other public or private              *
entity, and Fiduciary of Jimmy          *
Lee Walker, III; George Beal,           *
individually, and as partner,           *
owner, employee, agent,                 *
authorized representative, or           *
other of Beal Law Offices; as           *
officer, attorney, agent,               *
employee, authorized                    *
representative or other of              *
Norwest Bank South Dakota N.A.;         *
Norwest Investment Management &         *
Trust; and Norwest Corporation;         *
and as attorney, agent                  *
Fiduciary of Jimmy Lee Walker,          *
III,                                    *
                                        *
        Defendants - Appellees.         *

_____

Submitted:  December 9, 1996

Filed:  February 28, 1997
_____

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Jimmy Lee Walker, III, his guardian, Cynthia Walker, and their attorney, James Harrison Massey, appeal from the district court's[1] award of sanctions against Massey for filing a diversity case in which he failed to plead complete diversity of citizenship, and indeed, pleaded facts which tended to show there was not complete

_____

The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

-2-

diversity. The Walkers and Massey contend that the district court erred in awarding sanctions at all, in determining the amount of sanctions, and in not allowing the Walkers to amend their complaint. We affirm.

Massey filed a complaint in the district court for the District of South Dakota on behalf of the Walkers, alleging breach of fiduciary duty and other state law causes of action in connection with the administration of a trust fund held for Jimmy Lee Walker at Norwest Bank South Dakota, N.A. The complaint stated that jurisdiction was based on diversity, since "the Plaintiff and some of the Defendants are citizens of different states." (Emphasis added). The Walkers are both South Dakotans. The complaint averred that one of the defendants, Norwest Corporation, was a Minnesota corporation. The complaint did not allege the other defendants'[2] citizenship precisely, but stated that many of them were South Dakota "residents." The individual defendants included employees of Norwest or its subsidiary corporations and a South Dakota lawyer who represented Norwest. The corporate defendants were Norwest subsidiaries. The Walkers also joined a South Dakota law firm that represented Norwest. All the individuals were named in their individual, as well as official, capacities.

Upon receiving the complaint, the attorney for Norwest Corporation and its subsidiaries and officers wrote Mr. Massey informing him that his complaint showed on its face that there was no diversity jurisdiction. The letter asked Massey to dismiss the complaint, and warned that if he did not, Norwest would seek sanctions, including attorneys' fees. Massey's only answer was a

---

The defendants are: Norwest Corporation, Richard Kovacevich, Norwest Bank South Dakota, N.A., Gary Olson, Kirk Dean, Norwest Investment Management & Trust, Dennis Hoffman, Tom Naasz, Beal Law Offices, and George Beal. The individual defendants were sued individually and as trustees or corporate agents.

-3-

letter that acknowledged Norwest's correspondence, but made no substantive response to the deficiency counsel had pointed out.

After Massey failed to offer any explanation for his defective complaint or to move to amend or dismiss it, Norwest moved to dismiss and for an award of sanctions, as it had promised to do. Massey filed a response contending that the complaint was adequate as filed. In the alternative, the response stated that if the complaint was not adequate, plaintiffs would amend it; however, the plaintiffs did not specify how they proposed to amend the complaint. Under Local Rule 15.1 of the District of South Dakota, a party moving to amend his pleadings must file a copy of the proposed amended pleading with his motion. Massey filed no proposed amended pleading.

With his response to the motion to dismiss, Massey filed a brief presenting a theory that the citizenship of Norwest Corporation determined the citizenship of all the other defendants, notwithstanding that all the individual defendants were named in their individual capacities. The brief contended that the complaint therefore successfully alleged diversity jurisdiction: "This life-sustaining arterial linkage between these said Defendants and Norwest Corporation in essence and in reality creates an indistinguishable and inseparable unity of existence and identity."

The district court granted the Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction and sanctioned attorney Massey under Fed. R. Civ. P. 11. Order of January 9, 1996. The court held that there was no diversity jurisdiction because there was not complete diversity among plaintiffs and defendants, since plaintiffs were South Dakotans and numerous defendants were alleged to be South Dakota "residents." The court ordered the defendants to file an accounting of their fees and expenses incurred in defending against the suit.

The Walkers then filed a motion for reconsideration which stated:

> Other Defendants [in addition to Norwest Corporation, its subsidiaries, and Kovacevich] named to Plaintiff's Complaint, <u>may or may not be citizens of the State of South Dakota</u>. It is Plaintiff's position that with regard to the issue of federal jurisdiction, <u>this fact alone should not be determinative in this case</u>.

(Emphasis added). The court denied the motion for reconsideration. Order of January 22, 1996.

As the district court had ordered, the defendants filed statements of their fees and expenses, in the form of affidavits with attached itemizations of work performed and costs incurred. One law firm represented Norwest Corporation, its subsidiaries, and the individuals who worked for Norwest and its subsidiaries. That firm had $2,794.52 in fees and expenses. Another firm represented the lawyer, George Beal, and his law firm. That firm had $2,050.75 in fees and expenses.

Massey responded to the affidavits in a filing characterizing the defendants' statements of expenses as "so shamefully over-exaggerated and over-inflated so as to shock the conscience of ethical minded legal practitioners."

The court held a hearing on the fees issue, and Massey declined to cross-examine the attorneys or to put on any evidence. The court ordered Massey to pay the two sets of defendants the full amount each had requested, $2,794.52 and $2,050.75, respectively. Order of May 6, 1996.

The Walkers and Massey appeal.

They first argue that the district court abused its discretion in determining that Massey had filed a complaint that was not warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. They contend that their allegations that the defendants were South Dakota residents were not determinative of the defendants' citizenship, since they could be living in South Dakota without intent to stay there. See Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). They contend that Rule 11 does not require the kind of "complicated, in-depth, and possibly impossible inquiry" that would have been necessary to determine the defendants' citizenship before filing a complaint based on diversity of citizenship.

We review the district court's decision in a Rule 11 proceeding for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399-405 (1990). A district court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law. Id. at 405.

It was the Walkers' burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). They failed to carry that burden, since they did not allege the domicile[3] of the individual defendants or the place of incorporation and principal place of business of all the corporate defendants. See id.

---

[3]"For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous." Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992) (quoting Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990)).

However, the district court construed the allegation that the individuals were South Dakota residents as an admission that they were domiciled in South Dakota. The Walkers and Massey did not complain of this inference or argue in the district court that the defendants alleged to reside in South Dakota did not intend to remain there indefinitely. Instead, they responded to the motion to dismiss with an unelaborated statement that their complaint "as filed, does state appropriate grounds for federal jurisdiction." In their motion for reconsideration of the court's order, they stated that it was immaterial whether some of the defendants were South Dakota citizens, as long as some defendants were citizens of another state. It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff. See Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Having pursued this untenable theory before the district court, the Walkers and Massey cannot change their theory on appeal and fault the district court for deciding the case on the theory they presented to it.

Furthermore, even though it is the Walkers' burden to plead, and if necessary, prove diversity, Sheehan, 967 F.2d at 1215, they did not allege that all of the defendants are domiciled in a state other than South Dakota. Instead, they argue that finding out the defendants' citizenship would be more trouble than they should be expected to take. This is a burden that plaintiffs desiring to invoke diversity jurisdiction have assumed since the days of Chief Justice Marshall. See Strawbridge v. Curtiss, 7 U.S. at 267. The fact that the Walkers did not allege the citizenship of the defendants convinces us that the district court did not abuse its discretion in determining that Rule 11 sanctions were appropriate.

## II.

The Walkers and Massey next contend that the district court

-7-

abused its discretion in awarding monetary sanctions, since dismissal of the complaint would have been adequate. They argue that the award of monetary sanctions in this case would discourage "novel legal arguments." Their legal argument in the district court was contrary to the established statutory requirements for diversity. See 28 U.S.C. § 1332(a)(1) (1994). They also argue that the district court should have inquired into Massey's financial circumstances, and that if it had done so, it would have found that he "is presently experiencing financial hardships and is unable to pay this sanction." Not only did Massey fail to argue this point to the district court, but there is no record evidence to support the argument before this court. Finally, they argue that the defendants have no need for compensation for their fees and expenses, since they are "multi-billion/million dollar defendants." There is no record evidence of the defendants' financial condition, but there is evidence that they incurred fees and expenses because of the Walkers' lawsuit. We see no abuse of discretion in awarding monetary sanctions.

## III.

The Walkers and Massey contend that the district court abused its discretion in denying their request to amend their complaint. Although the Walkers did ask for leave to amend their complaint in their response to the motion to dismiss, they did not comply with the local rule requiring them to file a copy of the proposed pleading. Nor did they give any hint of how they wished to change their complaint. They did not indicate a desire to dismiss any of the defendants before the district court dismissed their complaint. The district court has no obligation to dismiss non-diverse defendants sua sponte. See Vild v. Visconsi, 956 F.2d 560, 570 (6th Cir.), cert. denied, 506 U. S. 832 (1992). After the dismissal and denial of the motion to reconsider, the district court held a hearing on the amount of attorneys' fees to be awarded. At that hearing, Massey began to reargue the merits of

the dismissal.  The court stated that some of the individual defendants were South Dakota residents.  Mr. Massey replied:  "I think an appropriate step for the Court to have taken would have been to dismiss those individuals that the Court considered that it could not bring into the diversity statute through pendent jurisdiction which is within the discretion of the Court."  Massey still had not alleged a citizenship for many of the defendants and did not identify which defendants should be dismissed to create diversity jurisdiction.  The district court is not obliged to do Massey's research for him, especially at such a late date.[4] There was no abuse of discretion.

#### IV.

The Walkers and Massey argue that the district court erred in not requiring defendants' counsel to put on further evidence in support of their accountings after Massey objected to them.  The accountings were fully supported by evidence in the form of affidavits and itemized statements.  The district court held a hearing on the fees issue, and Massey elected not to cross-examine defendants' counsel.  The district court's order was supported by adequate evidence.

#### V.

The Walkers and Massey argue that the district court erred in awarding the full amount of fees and expenses defendants requested, since the defendants' counsel did more work than was justified.  Massey was persistent in filing baseless and uninformed pleadings, motion papers, and briefs, which drove up the defendants' fees.  The district court did not abuse its discretion in entering

---

Although it is possible for this court to dismiss nondiverse parties on appeal, see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 836-37 (1989), the Walkers have not asked us to do so and therefore the issue has not been briefed.

sanctions for the full amount of expenses and fees claimed.

## VI.

Finally, we must rule on the appellees' motions to strike portions of Massey's and the Walkers' brief.  The brief does contain extended narrative pertaining to matters outside the record and irrelevant to any issues on appeal before this court.  We therefore grant the appellees' motion to strike from the appellants' brief factual assertions not accompanied by citations to the record, including the entirety of the sections titled "Relevant History of James Harrison Massey" and "History of the Case Before the District Court."

We affirm the district court's entry of Rule 11 sanctions in the amounts provided.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.