# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2901

_____

Alan H. Norman; Sheila K. Norman,     *
                                      *

         Appellants,           *     Appeal from the United States
                                        *     District Court for the Eastern
      v.                         *     District of Missouri.
                                          *

John H. Anderson,             *     [UNPUBLISHED]
                                        *

         Appellee.           *

_____

Submitted:  December 3, 2001
Filed:  January 4, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri citizens Alan and Sheila Norman appeal the district court's[1] dismissal of their diversity jurisdiction-based civil action for lack of subject matter jurisdiction. The court found that, although some circumstances supported a finding that Anderson was a Washington citizen, the Normans had not shown by a preponderance of the evidence that Anderson was a Washington citizen at the time the Normans filed their suit in 2000.  In particular, the court found--after careful consideration of the evidence--that Anderson had moved to Missouri in 1998 with the intent to make it his

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

permanent home; he thereafter sold his home in Washington; when his wife died, he decided that at some point in the future he would return to Washington; but despite this intent, he had not successfully changed his citizenship back to Washington. See Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990) (citizenship requires concurrence of individual's presence in state in question with intent to make home there indefinitely); Rogers v. Bates, 431 F.2d 16, 18 (8th Cir. 1970) (law requires party's physical presence in state coupled with intent to make it his present home).

We find no clear error in the district court's factual findings underlying its determination of citizenship. See Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992) (determination of citizenship is mixed question of law and fact, but mainly fact; district court's findings of fact underlying legal conclusion of citizenship are reviewed for clear error). We also reject, as unsupported by our cases, the Normans' contention that they were required in these circumstances to make only a prima facie showing of diversity.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.