┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 3, 2020
Decided March 10, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2477

| | |
|---|---|
| MAURICE JAMES SALEM, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 7708 |
| DIANE EGAN, <br> *Defendant-Appellee*. | Rubén Castillo, <br> *Judge*. |

**O R D E R**

Maurice Salem sued Diane Egan in federal district court under diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, alleging that Egan defamed him. The district court dismissed the case for lack of subject-matter jurisdiction, concluding that the parties were not diverse because both were citizens of Illinois. On appeal, Salem contends that the district court erred in concluding that Illinois is his domicile; he says that, although he is a longtime resident of Illinois, he has forever been a citizen of New York and intends to move back there one day. Because district court did not clearly err in concluding that Salem is a citizen of Illinois, this court affirms the dismissal.

## Background

In his complaint, Salem asserted that, in an effort to help a client obtain disability accommodations for the Law School Admissions Test, he contacted Diane Egan (whom he believed was a psychologist) seeking an evaluation for his client to support the accommodations request. He says Egan provided two letters (for his client to send to the Law School Admissions Council) in which she concluded that his client needed accommodations. Salem's client did not receive the specific accommodations that he had requested and, with Salem's help, sued the Council for injunctive relief; that litigation is ongoing in the Northern District of Illinois.

In the meantime, Salem brought this suit against Egan seeking $1.5 million in damages for allegedly defaming him in the course of the other lawsuit. Salem alleged that Egan falsely declared to the court that she had not diagnosed Salem's client, that the client was not disabled, and that Egan had not authorized any letters to be sent on her behalf to the Council. Salem says these declarations were defamatory and injured his professional reputation.

Egan moved to dismiss the case for lack of subject-matter jurisdiction, asserting that, like her, Salem was a citizen of Illinois. On the merits, she argued that statements she made as a witness in the other lawsuit cannot be the basis of a defamation suit. Salem responded that he is a citizen of New York, not Illinois, asserting that despite his many ties to Illinois, he retains a residence in New York and intends to move back there once his adult children complete their educations "in 3 to 4 years from now."

On April 11, 2019, before the district court could rule on Egan's motion, the Executive Committee for the Northern District of Illinois issued a show-cause order to Salem. The order explained that the Supreme Court of Illinois had suspended Salem from the practice of law on January 29, 2019, and on March 13, 2019, the Northern District of Illinois imposed reciprocal discipline, suspending Salem from practicing in the District. His Illinois suspension resulted from his having improperly "held himself out to a judge as an attorney admitted to practice in Illinois" despite having been denied admission to the Illinois bar. The Committee ordered Salem to explain "why no further sanctions should be imposed" for his "failure to take any action on the suspension order issued on March 13, 2019."

A few months later, after several additional exchanges with Salem, the Executive Committee suspended him for three additional months, concluding that he had

"knowingly practiced law during his suspension." At Salem's request, the Committee allowed him to retain his filing privileges in this case only, given his pro se status.

Days after the Committee issued its suspension order, the district court dismissed this case without prejudice for lack of subject-matter jurisdiction. The court explained that citizenship is determined by domicile and that domicile is established by physical presence coupled with an intention to remain. The court considered Salem's evidence that his domicile is New York: his declaration attesting that he regularly travels there, maintains his law license there, resides with his sister there during visits and helps with her rent, receives mail there, is registered to vote there, and hopes to return there in three to four years. The district court weighed this evidence against Salem's ties to Illinois: Salem moved to Illinois in 2003 with his wife (whose family lives in the state) and children, sold his New York home in 2007, practices law in Illinois[1] and retains his business address, phone number, and fax number here, has filed tax appeals here, and is registered to vote here. The district court concluded that Salem is domiciled in, and is therefore a citizen of, Illinois, and so complete diversity between the parties did not exist. The district court therefore dismissed the defamation case.

An appeal of the district court's dismissal of the defamation case was filed in this court on August 5, 2019. Previously, on March 13, 2019, Salem was stricken from the role of attorneys admitted to practice before the 7th Circuit pursuant to Circuit Rule 46(d). However, he has been permitted to proceed in this case following the filing of a Circuit Rule 26.1 Disclosure Statement & Appearance on August 26, 2019, indicating his *pro se* status.

---

[1] Salem's practice in Illinois is primarily in federal court, and he has brought 36 appeals in this court alone. Though as of 2019 he is suspended from practicing law in this court as well. Notably, Salem has taken steps to become licensed in Illinois: despite passing the Illinois bar, in 2003 "a majority of the Committee on Character and Fitness of the Supreme Court of Illinois recommended that [Salem] not be admitted to practice in Illinois." In 2006, the Illinois Supreme Court denied Salem's petition to reverse the recommendation.

## Analysis

On appeal, Salem argues that the district court incorrectly concluded he is a citizen of Illinois.[2] He contends that despite his longtime residence in and his substantial ties to Illinois, he remains a citizen of New York, where he acquired domicile upon his birth and where he has always intended to return. Egan argues that Salem's many years of Illinois residency, coupled with his many ties to this state, show that he changed his domicile and became a citizen of Illinois. Egan also argues that Salem cannot be domiciled in New York because he does not currently reside there.

As the proponent of federal jurisdiction, it is Salem's burden to establish, by a preponderance of the evidence, that jurisdiction exists. *See Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). In a diversity case, that means showing, among other things, that the opposing parties are citizens of different states. *See* 28 U.S.C. § 1332. The district court's conclusion that Illinois is Salem's domicile—and therefore that he is a citizen of Illinois—must stand unless clearly erroneous. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 729 (7th Cir. 1991).

A natural person is a citizen of the state in which he is domiciled. Establishing a new domicile requires that two things occur simultaneously: first, one must be physically present in a new state; second, one must develop an intention to remain there indefinitely. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Critically—and in contradiction to Egan's erroneous assertion that Salem could be domiciled in New York only if he currently lived there—after one's domicile is established, it does not change unless that person moves to a different state and, while there, develops the intention to remain indefinitely. "[O]ne can reside in one place but be domiciled in another." *Holyfield*, 490 U.S. at 48.

The district court did not clearly err by concluding that, at the time Salem filed this suit, he was domiciled in Illinois. True, Salem declared under oath that he never

---

[2] Salem has a history of making flawed diversity-of-citizenship arguments. This court admonished Salem in 2018 in a nonprecedential decision affirming Rule 11 sanctions against him: "Now that this court and two federal district courts have explained to Salem the fundamental flaws in his jurisdictional theories, we presume Salem has been educated on the matter and will not make the same error again." *Zausa v. Zausa*, 754 F. App'x 427, 432 (7th Cir. 2018).

intended to remain in Illinois, that he is registered to vote in New York, that he maintains his law license in New York and occasionally practices there, that he helps with his sister's rent there, and that he hopes to return to New York after his adult children complete their advanced degrees in Illinois.[3] Yet there is also considerable evidence that after moving to Illinois, Salem developed the intention to remain here indefinitely. Salem sold his New York home and has continuously lived in Illinois with his wife since 2003; he practices law in Illinois and retains an Illinois law office here, complete with business cards and local phone and fax numbers; he is registered to vote in Illinois; and he has filed tax appeals in Illinois. Details such as these can establish an intent to remain indefinitely. *See Toulon*, 877 F.3d at 733. The district court weighed all of this evidence before concluding that Salem is domiciled in Illinois, and Salem has identified no mistake that might override the considerable deference this court accords when reviewing for clear error. *See Cont'l Cas. Co. v. Symons*, 817 F.3d 979, 985 (7th Cir. 2016). Salem merely asks this court to reweigh the evidence in his favor—a request this court is not permitted to entertain. *See Allen v. City of Chicago*, 865 F.3d 936, 945 (7th Cir. 2017).

Salem also quibbles with some of the district court's statements about his past discipline. Specifically, he asserts that the district court erred by saying that the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission concluded that he engaged in the unauthorized practice of law and erred by saying that the Board concluded he had improperly held himself out as an Illinois attorney.

The purpose of Salem's argument is unclear; the purported statements had no bearing on the district court's jurisdictional ruling. If Salem wishes to have the district court's opinion corrected, an appeal is not the way to do it. Moreover, contrary to Salem's assertions, the Board did hold that he had "improperly held himself out to a judge as an attorney admitted to practice in Illinois." Salem is correct that the Board did not suspend him for the unauthorized practice of law, as the district court incorrectly said—but again, he does not explain why that mistake is relevant to this appeal. Notably, Salem *was* punished for practicing law while prohibited from doing so: days before the district court dismissed this case, the Northern District of Illinois Executive

---

[3] Egan incorrectly asserts that this statement weighs against Salem because he plans to remain in Illinois for years. To establish a new domicile, the intention to remain must be "for an unlimited time." *Mitchell v. United States*, 88 U.S. 350, 352 (1874); *see also Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 733 (7th Cir. 2017).

Committee suspended Salem for knowingly practicing law in federal court while suspended.

The district court did not clearly err in concluding that Salem is a citizen of Illinois.

AFFIRMED